**Susan BATOR, Plaintiff,**

v.

**STATE OF HAWAI'I, The JUDICIARY ADULT PROBATION DIVISION; Carolyn M. Kainuma, in her individual capacity and as clerical branch supervisor; The Judiciary, Personnel Office; Warren T. Asaeda, in his individual capacity and as senior adult probation officer, Defendants.**

Civ. No. 91–00264 DAE.

United States District Court, D.Hawai'i.

Dec. 27, 1995.

Arthur E. Ross, Honolulu, HI, Ira Dennis Hawver, Honolulu, HI, John A. Chanin, Law Offices of John A. Chanin, Honolulu, HI, Rory Soares Toomey, Honolulu, HI, for Susan A. Bator.

Susan A. Bator, Lancaster, MN, pro se.

Warren Price, III, Attorney General, HI, Janice T. Kemp, Gary K.H. Kam, Office of Attorney General—State of Hawai'i, Honolulu, HI, for Carolyn M. Kainuma.

Steven S. Michaels, Office of the Attorney General—State of Hawai'i, Honolulu, HI, Warren Price, III, Attorney General, HI, Janice T. Kemp, Gary K.H. Kam, Office of Attorney General, State of Hawai'i, Honolulu, HI, for State of Hawai'i, Judiciary, Adult Probation Division, Judiciary Personnel Office, Warren T. Asaeda.

## ORDER GRANTING DEFENDANTS' SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT

DAVID ALAN EZRA, District Judge.

Pursuant to Local Rule 220–2(d), the court finds this matter appropriately decided without hearing.[1] After reviewing the motion and the supporting and opposing memoranda, the court GRANTS Defendants' Second Motion for Partial Summary Judgment.

### BACKGROUND

Plaintiff Susan Bator ("Plaintiff" or "Bator") filed an Amended Complaint on April 18, 1995.[2] In her amended complaint, Bator

---

1. A hearing on this motion was originally scheduled for December 11, 1995. However, Plaintiff, who regularly has been making telephonic appearances (with leave of court) for pretrial matters in this case, notified the court that she would not be able to attend the hearing in her Memorandum in Opposition to Defendants' Second Motion for Partial Summary Judgment. On October 26, 1995, this court vacated the hearing date and notified the parties that this motion would be decided on the briefs.

2. Plaintiff's original complaint was filed on May 2, 1991. On April 4, 1995, over Defendants' objections, Magistrate Judge Kurren granted Plaintiff leave to file an Amended Complaint. Plaintiff, originally and up until July 31, 1995, was represented by counsel, but now appears pro se in this proceeding. Counsel for Plaintiff included, at various times, Arthur E. Ross, Ira Dennis Hawver, John A. Chanin, and Rory Soares Toomey. Plaintiff's Amended Complaint, however, was prepared by Plaintiff's then counsel, Arthur E. Ross. ·

alleges eight causes of action against Defendants State of Hawai'i, the Judiciary, Adult Probation Division; Carolyn M. Kainuma ("Kainuma"); the Judiciary Personnel Office; and Warren T. Asaeda ("Asaeda") (collectively "Defendants"). Bator alleges violations of: 42 U.S.C. § 1983 (Counts I and V); her Fifth and Fourteenth Amendment rights under the United States Constitution (Count II); 42 U.S.C. § 1981 (Counts III and V); 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986 (Count IV). Additionally, Bator claims that Defendants negligently inflicted mental and/or emotional distress upon her (Count VI), violated Haw. Rev.Stat. § 378–2 (1994) (Count VII), and violated Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e–2(a)(2) (West 1994) (Count VIII).

Plaintiff's amended complaint, with the exception of six paragraphs which allegedly constitute a new claim, *see* Amended Complaint, at ¶¶ 49–54, is a verbatim recitation of her original complaint.[3] Thus, the relevant facts of this case already have been set forth in detail in this court's Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, dated May 20, 1992 ("1992 Order"). Moreover, the 1992 Order directly disposed of some of the claims Plaintiff now reasserts.

Specifically, this court found that under the Eleventh Amendment, Defendants (including Kainuma and Asaeda in their official capacities) were immune from suit in federal court with respect to all causes of action excepting Plaintiff's Title VII claim. 1992 Order, at 7. Second, the court concluded that Plaintiff's claims against Kainuma and Asaeda, in their individual capacities, were not barred by the doctrine of qualified immunity.[4] *Id.* at 10. Third, this court determined that Plaintiff had failed to sufficiently plead a claim under § 1981. *Id.* at 11. Fourth, while the court did not find summary judgment appropriate with respect to Plaintiff's § 1983 claims against Kainuma and Asaeda, *id.* at 12,[5] summary judgment was granted against Plaintiff as to her § 1985(3) and § 1986 claims. *Id.* at 12–13.

As to Plaintiff's Title VII claims, this court found that neither Kainuma nor Asaeda could be held liable in their individual capacities because they were not "employers" under Title VII. *Id.* at 14.[6] This court further

---

**3.** The new paragraphs read:

49. That the Plaintiff was discharged from her position with the Division on May 23, 1988, to take effect as of August 7, 1988, just one day before the Plaintiff's total disability award was to commence.

50. On October 12, 1993, the aforementioned termination of Plaintiff was canceled, and Plaintiff was put on unpaid leave of absence.

51. In 1994, the State again discharged the Plaintiff from her position with the Division.

52. The aforementioned discharges of the Plaintiff from her position with the Division are the result of Plaintiff's filing complaints about the harassment and discrimination which she suffered at the hands of the Defendants herein and violates [Haw.Rev.Stat. § ] 378–2.

53. The illegal acts complained of herein were done by the Defendants under the color of state law and in complete disregard of the rights and feelings of the Plaintiff.

54. The Defendants' unlawful acts complained of herein are the direct and legal cause of injury to the Plaintiff in that they have seriously aggravated the Plaintiff's condition complained of and have intensified the emotional and economic distress she suffers.

Amended Complaint, ¶¶ 49–54.

**4.** Kainuma and Asaeda appealed this court's qualified immunity ruling to the Court of Appeals for the Ninth Circuit on May 28, 1992. By decision filed November 8, 1994, the Ninth Circuit affirmed this court and the case was remanded for further proceedings. *See Bator v. State of Hawai'i,* 39 F.3d 1021, 1029 (9th Cir. 1994).

**5.** The court concluded:

As indicated previously, Bator has alleged that Asaeda and Kainuma committed several discriminatory acts, including intentional physical conduct and failure to investigate such contacts. The defendants obviously dispute these allegations. In light of these factual disagreements, the court finds that genuine issues of material fact exist which preclude summary judgment on Bator's § 1983 claims with respect to Asaeda and Kainuma in their individual capacities.

1992 Order, at 12.

**6.** This court reached the conclusion that Kainuma and Asaeda were not "employers," and thus not liable for Title VII violations even before the Ninth Circuit had decided *Miller v. Maxwell's International Inc.,* 991 F.2d 583, 587 (9th Cir. 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994). The court in *Miller* held that civil liability under Title VII is limited to employers and that it does not extend to individual agents of an employer who commit

held that § 102 of the Civil Rights Act of 1991, authorizing compensatory or punitive damages in certain circumstances, should not be applied retroactively. *Id.* at 20.[7] Lastly, the court determined that Plaintiff could not maintain her emotional distress claim against the State because Plaintiff's exclusive remedy was provided under Hawai'i workers compensation law, specifically, by Haw.Rev.Stat. § 386–5;[8] however, this court also concluded that Plaintiff could properly assert her emotional distress claim against Kainuma and Asaeda.[9]

On October 10, 1995, Defendants filed a Second Motion for Partial Summary Judgment, arguing that the Eleventh Amendment bars Plaintiff's new claim (comprised of paragraphs 49–54 of her Amended Complaint) against the Defendants. Plaintiff filed an opposition to that motion on October 30, 1995, and Defendants' reply was filed on November 7, 1995.

### STANDARD OF REVIEW

■ Rule 56(c) provides that summary judgment shall be entered when:

> [T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c). The moving party has the initial burden of demonstrating for the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). However, the moving party need not produce evidence negating the existence

of an element for which the opposing party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552.

■ Once the movant has met its burden, the opposing party has the affirmative burden of coming forward with specific facts evidencing a need for trial. Fed.R.Civ.P. 56(e). The opposing party cannot stand on its pleadings, nor simply assert that it will be able to discredit the movant's evidence at trial. *See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987); Fed.R.Civ.P. 56(e). There is no genuine issue of fact "where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986) (citation omitted).

■ A material fact is one that may affect the decision, so that the finding of that fact is relevant and necessary to the proceedings. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A genuine issue is shown to exist if sufficient evidence is presented such that a reasonable fact finder could decide the question in favor of the nonmoving party. *Id.* The evidence submitted by the nonmovant, in opposition to a motion for summary judgment, "is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Id.* at 255, 106 S.Ct. at 2513. In ruling on a motion for summary judgment, the court must bear in mind the actual quantum and quality of proof necessary to support liability under the applicable law. *Id.* at 254, 106 S.Ct. at 2513. The court must assess the adequacy of the nonmovant's response and must determine whether the showing the nonmovant asserts it will make

---

the violations. *Id.; see* 42 U.S.C.A. § 2000e–5(g) (West 1994).

**7.** This issue was recently addressed by the Supreme Court in *Landgraf v. USI Film Products,* —— U.S. ——, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). The Supreme Court unequivocally held that § 102 of the Civil Rights Act of 1991 did not govern cases arising before its enactment on November 21, 1991. *See* —— U.S. ——, 114 S.Ct. 1483, 128 L.Ed.2d 229.

**8.** As discussed below in Part II of the Discussion, this specific ruling remains law of the case despite the intervening amendment to Haw.Rev. Stat. § 386–5.

**9.** In the 1992 Order, this court also rejected the Defendants' arguments that Plaintiff was collaterally estopped from asserting that Asaeda intentionally rammed the file folder in between Plaintiff's legs, and that Plaintiff was time barred from asserting her discrimination claims. *See* 1992 Order, at 14–17.

at trial would be sufficient to carry its burden of proof. *See Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552.

■■■ At the summary judgment stage, this court may not make credibility determinations or weigh conflicting evidence. *Musick v. Burke,* 913 F.2d 1390, 1394 (9th Cir. 1990). The standard for determining a motion for summary judgment is the same standard used to determine a motion for directed verdict: does the evidence present a sufficient disagreement to require submission to a jury or is it so one-sided that one party must prevail as a matter of law. *Id.* (citation omitted).

## DISCUSSION

### I. Eleventh Amendment

■■■ Defendants argue that the Eleventh Amendment bars Plaintiff's newest cause of action, based on Haw.Rev.Stat. § 378–2 (1994),[10] against them. The Eleventh Amendment provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

■■■ Sovereign immunity is an absolute bar to suits in federal court against a state, whether brought by its own citizens or citizens of another state. *Papasan v. Allain,* 478 U.S. 265, 276, 106 S.Ct. 2932, 2939, 92 L.Ed.2d 209 (1986); *Shaw v. Cal. Dept. of Alcoholic Beverage Control,* 788 F.2d 600, 603 (9th Cir.1986). A suit against an official in his official capacity is a suit against the official's office, and not against the official. *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). As such, it is a suit against the state. *Id.* [11]

In support of their Eleventh Amendment argument, Defendants cite *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104–06, 104 S.Ct. 900, 910–11, 79 L.Ed.2d 67 (1984). There, the Supreme Court held that the Eleventh Amendment bars claims in federal court asserted against state officers based on alleged violations of state law. 465 U.S. at 106, 104 S.Ct. at 911. The Court reasoned, "[a] federal court's grant of relief against state officials of the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law[,]" which was the underlying rationale articulated in *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).[12]

Plaintiff, proceeding pro se in this motion, offers an unsupported argument that her claims under Haw.Rev.Stat. § 378–2 is not barred by the Eleventh Amendment. *See* Plaintiff's Memorandum in Opposition to Defendants' Second Motion for Partial Summary Judgment, at 5j ("Plaintiff's Opposition").[13] Moreover, the Eleventh Amend-

---

**10.** Haw.Rev.Stat. § 378–2 prohibits employers from discriminating on the basis of "race, sex, sexual orientation, age, religion, color, ancestry, disability, marital status, or arrest and court record...."

**11.** However, the Eleventh Amendment does not necessarily bar an action for prospective injunctive relief against an official in his official capacity. *See Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *Chaloux v. Killeen,* 886 F.2d 247, 252 (9th Cir.1989). An action for prospective injunctive relief requires a substantial likelihood that the past conduct will occur again. *See City of Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983).

**12.** The Court continued:

On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on

how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment. We conclude that *Young* and *Edelman* are inapplicable in a suit against state officials on the basis of state law.

465 U.S. at 106, 104 S.Ct. at 911. In addition, the Ninth Circuit has stated, "[i]n a suit in which relief would run against the state, *Pennhurst* indicates that plaintiffs must go to state court to obtain relief based on state law. This is true even in cases in which the state law claims are pendent to federal claims." *Kollsman v. City of Los Angeles,* 737 F.2d 830, 836–37 n. 18 (9th Cir.1984).

**13.** It is unclear exactly what Plaintiff is arguing:

The Plaintiff also wants to state, that the State Defendants have not waived its sovereign immunity from suit in federal court.

Although the State has waived its immunity for torts of its employees, such actions against

ment is implicated by paragraph 53 of Plaintiff's amended complaint, in which she alleges that the "illegal acts complained of herein were done by Defendants under color of state law"; this suggests that her state-based claim is against State instrumentalities and individuals in their official capacities.

Considering all facts in Plaintiff's favor and being mindful of Plaintiff's pro se status,[14] the court still concludes that Plaintiff cannot survive the instant motion for summary judgment in light of the precedent set forth above. Inasmuch as Plaintiff's claims against the State of Hawai'i are against a state government, they are barred in federal court by the Eleventh Amendment. *See Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Demery v. Kupperman*, 735 F.2d 1139, 1146 (9th Cir.1984), *cert. denied*, 469 U.S. 1127, 105 S.Ct. 810, 83 L.Ed.2d 803 (1985). This court further concludes that Plaintiff's claims against the state officials, Kainuma and Asaeda, in their official capacities must likewise be barred. *See Will v. Michigan Dept. of State Police*, 491 U.S. at 71, 109 S.Ct. at 2312.

Accordingly, this court GRANTS Defendants' Second Motion for Partial Summary Judgment.

## II. Emotional Distress Claim [15]

In this court's May 20, 1992 Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, this court ruled that Plaintiff could not maintain her

claims for intentional and negligent infliction of emotional distress against the State Defendants. 1992 Order, at 20–21. That ruling was primarily based on Haw.Rev.Stat. § 386–5, prior to its 1992 amendments (which became effective June 19, 1992), and on *Courtney v. Canyon Television & Appliance Rental, Inc.*, 46 Fair Empl.Prac.Cas. (BNA) 1865 (D.Haw. May 4, 1988), *aff'd*, 899 F.2d 845, 851 (9th Cir.1990). In *Courtney*, the Ninth Circuit affirmed this court's holding that under Hawai'i law, a plaintiff's claim against an employer for intentional infliction of emotional distress was barred by Haw. Rev.Stat. § 386–5,[16] the exclusivity provision. 899 F.2d at 851.

In 1992, however, the State legislature amended Haw.Rev.Stat. § 386–5, which now provides:

> The rights and remedies herein granted to an employee or the employee's dependents on account of a work injury suffered by the employee shall exclude all other liability of the employer to the employee ... or anyone else entitled to recover damages from the employer, at common law or otherwise, on account of the injury, except for sexual harassment or sexual assault and infliction of emotional distress or invasion of privacy related thereto, in which case a civil action may also be brought.

Haw.Rev.Stat. § 386–5 (1995). Because this amendment, if applied retroactively, would effectively require reconsideration of this court's previous ruling that Plaintiff cannot

---

the State must be brought in state court. However, a wrongful termination is not a "Tort"; therefore, the Plaintiff is not barred from pursuing her state claims under [Haw. Rev.Stat. § 378–2], in federal court, against ALL OF THE Defendants, as her employer; and against the Personnel Office; and against Kainuma and Asaeda, in their official and individual capacities. "IT IS AN EMPLOYMENT DISCRIMINATION ISSUE, RATHER THAN A TORT."
Plaintiff's Opposition, at 4j (emphasis in original).

**14.** This court recognizes its obligation to liberally construe pro se pleadings, particularly when violations of civil rights are alleged. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990); *Knaubert v. Goldsmith*, 791 F.2d 722, 729 (9th Cir.), *cert. denied*, 479 U.S. 867, 107 S.Ct. 228, 93 L.Ed.2d 155 (1986); *see also Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–596, 30 L.Ed.2d 652 (1972); *Estelle v.*

*Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Here, while Plaintiff's former counsel prepared and filed her amended complaint, Plaintiff prepared her own opposition to the instant motion. Adapting the pro se rule applicable to pleadings, this court has liberally construed Plaintiff's submission.

**15.** While neither party raises this issue, the court believes it is worthy of consideration and discussion.

**16.** The statute read in relevant part:

> The rights and remedies herein granted to an employee or the employee's dependents on account of a work injury suffered by the employee shall exclude all other liability of the employer to the employee, ... at common law or otherwise, on account of the injury.

Haw.Rev.Stat. § 386–5 (cited in 1992 Order, at 20).

maintain her tort-based claims against the State Defendants, the relevant issue is whether the amended provision can be applied retroactively. This court holds that § 386–5, as amended in 1992, cannot be applied here.

It is well established in Hawai'i that "[n]o law has any retrospective operation, unless otherwise expressed or obviously intended." Haw.Rev.Stat. § 1–3 (1995); *Clark v. Cassidy*, 64 Haw. 74, 77, 636 P.2d 1344 (1981); *Dash v. Wayne*, 700 F.Supp. 1056, 1059 (D.Haw.1988). This rule is particularly pertinent where the statute or amendment involves substantive rights. *See Clark*, 64 Haw. at 77, 636 P.2d 1344. "Substantive rights are generally defined as rights which take away or impair vested rights acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability in respect to transactions or considerations already past, as distinguished from remedies or procedural laws which merely prescribe methods of enforcing or giving effect to existing rights." *Id.* (internal quotations and citations omitted). Hence, a subsequent amendment involving substantive rights will not be read as operating retroactively in the absence of a clear legislative expression that such operation is intended. *Id.*

Here, the amendment to Haw.Rev. Stat. § 386–5 clearly affects substantive rights, as it specifically provides for a new cause of action previously barred by § 386–5. Furthermore, the State legislature did not expressly direct that the amendment to § 386–5 be applied retroactively. This court accordingly concludes that the 1992 Order, with respect to Plaintiff's emotional distress claims, must remain unchanged despite the intervening 1992 amendment to Haw.Rev. Stat. § 386–5.

## *CONCLUSION*

For the reasons stated above, the court GRANTS Defendants' Second Motion for Partial Summary Judgment.

IT IS SO ORDERED.