ANTHONY RODRIGUES and PAULA RODRIGUES, Plaintiffs-Appellants, *v.* JOE CHAN and EVONNE CHAN, Defendants-Appellees

(CIVIL NO. 6007)

JOE CHAN and EVONNE CHAN, Plaintiffs-Appellees, *v.* ANTHONY A. RODRIGUES, Defendant-Appellant

(CIVIL NO. 5858)

NO. 10343

JULY 16, 1985

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

Appellants Anthony and Paula Rodrigues (collectively Landlords), who obtained a judgment against appellees Joe and Evonne Chan (collectively Tenants), complain that the district court erred in failing to award Landlords prejudgment interest and in computing attorney's fees under Hawaii Revised Statutes (HRS) § 607-14 (1976).[1] We affirm as to prejudgment interest, but reverse and remand as to attorney's fees.

On October 8, 1982, Tenants filed a claim against Anthony Rodrigues (Anthony) in Civil No. 5858 in the district court's small claims division. They sought $980 as "rebate" for "illegal rental." Anthony answered denying Tenants' claim.

On February 25, 1983, Landlords filed a complaint against Tenants in Civil No. 6007 in the district court. The complaint alleged that during their occupancy of a residential rental unit owned by Landlords, Tenants damaged the carpets in the unit and the vinyl flooring and cabinets in the kitchen and sought damages totaling $4,997.85, including three months' rent lost while the unit was being cleaned and repaired. Landlords' claim was based on three alternative theories: negligence, action for waste under HRS

---

[1] HRS § 607-14 provides in pertinent part:

Attorneys' fees in actions in the nature of assumpsit. In all the courts, in all actions in the nature of assumpsit there shall be taxed as attorneys' fees, in addition to the attorneys' fees otherwise taxable by law, to be paid by the losing party . . . a fee which the court determines to be reasonable but which shall not exceed the amount obtainable under the following schedule:

| | |
|---|---|
| 25 | per cent on first $1,000 or fraction thereof. |
| 20 | per cent on second $1,000 or fraction thereof. |
| 15 | per cent on third $1,000 or fraction thereof. |
| 10 | per cent on fourth $1,000 or fraction thereof. |
| 5 | per cent on fifth $1,000 or fraction thereof. |
| 2.5 | per cent on any amount in excess of $5,000. |

The above fees shall be assessed on the amount of the judgment exclusive of costs and all attorney's [sic] fees obtained by the plaintiff, and upon the amount sued for if the defendant obtains judgment.

§§ 521-51[2] and -69(c) (1976),[3] and breach of rental agreement.

Tenants answered and counterclaimed in Civil No. 6007. The counterclaim included four counts as follows: Count I alleged an oral rental agreement whereby Landlords agreed to a continued tenancy until the completion of Tenants' new home under construction, a breach of the agreement when Landlord terminated the tenancy effective October 31, 1982, and resulting damages of $4,797 to Tenants; Count II claimed damages for retaliatory eviction under HRS § 521-74 (1976 and Supp. 1984); Count III alleged that Tenants paid for the telephone and television cable services utilized by both Tenants and the tenant of the downstairs rental unit, that a single hot water heater was inadequate to serve the two rental units, and that therefore Tenants were entitled to recover the difference between the actual rent paid and the "fair rental value" during the period of the tenancy; and Count IV sought damages for Landlords' "negligent, reckless and intentional infliction of emotional distress" on Tenants.

Civil Nos. 5858 and 6007 were consolidated for trial.

After a bench trial, the district court filed its Decision, Order and Judgment (Judgment) on June 15, 1984. As to Civil No. 6007, the court awarded judgment (1) on the complaint in the amount of $4,997.85, "together with interest and costs and attorney's fees as allowed by law" to Landlords and (2) on the counterclaim in favor of Landlords and against Tenants for Landlords' "attorney's fees and costs in defense of the Counterclaim as allowed by law[.]" As to Civil No. 5858, the court ruled in Anthony's favor.

On July 9, 1984, Landlords filed a motion for determination of attorney's fees and costs. Subsequently, Landlords submitted a

---

[2] HRS Chapter 521 is designated the Residential Landlord-Tenant Code. HRS § 521-51 provides in pertinent part:

Tenant to maintain dwelling unit. Each tenant shall at all times during the tenancy:

\* \* \*

(7) Keep the dwelling unit and all facilities, appliances, furniture, and furnishings supplied therein by the landlord in fit condition, reasonable wear and tear excepted[.]

[3] HRS § 521-69(c) reads:

The landlord may bring an action or proceeding for waste or for breach of contract for damage suffered by the tenant's wilful or negligent failure to comply with his obligations under section 521-51.

proposed supplemental judgment which included interest of $943.95 through September 30, 1984 and a proposed order which added the interest to the $4,997.85 judgment in computing attorney's fees under HRS § 607-14. Tenants objected to the award of any prejudgment interest.

On November 9, 1984, the district court entered its Order Re Costs and Attorney's Fees (Order) which awarded Landlords (1) costs totaling $141.90, (2) attorney's fees of $245 in Civil No. 5858,[4] and (3) attorney's fees of $949.87 in Civil No. 6007 computed by applying the HRS § 607-14 schedule to a total of $12,994.85[5] consisting of the following:

| | |
|---|---|
| Judgment amount: | $ 4,997.85 |
| Amounts sued for in the counterclaim:[6] | |
| Count I | 4,797.00 |
| Count III | 3,200.00[7] |
| | $12,994.85 |

Landlords' timely appeal followed.

## I. PREJUDGMENT INTEREST

Landlords contend that since the Judgment awarded them "interest . . . as allowed by law," the court should have computed the interest and added it to the judgment amount in determining attorney's fees under HRS § 607-14. Tenants argue that Landlords were not entitled to any prejudgment interest based on the record. We agree with Tenants.

---

[4] Although the award of attorney's fees in Civil No. 5858 was not appealed by Tenants, it was duplicative. See Part II-B of the opinion, infra.

[5] The Order erroneously states the total to be $12,994.87.

[6] The district court held that no attorney's fees were awardable under HRS § 607-14 for the claims based on count II (retaliatory eviction) and count IV (emotional distress) of the counterclaim. Landlords did not appeal these points.

[7] Count III of the counterclaim merely sought recovery of the difference between the actual monthly rent of $550 paid and the "fair rental value" during the period of occupancy without specifying any definite amount. Thus, we do not know how the amount of $3,200 was derived. However, this amount is not in dispute on appeal.

 

## A. HRS § 478-1(1)

Initially, Landlords claim that they were entitled to prejudgment interest for "delinquent rentals" as a matter of right under HRS § 478-1(1) (1976 and Supp. 1984)[8] under the authority of *Loyalty Development Co., Ltd. v. Wholesale Motors, Inc.*, 61 Haw. 483, 605 P.2d 925 (1980). We disagree.

The judgment amount included $1,650 for "[l]ost rental income for a period of three months . . . due to the foul and smelly condition of the premises[.]" Record at 130. No delinquent rentals being involved, HRS § 478-1(1) was inapplicable.

## B. HRS § 636-16

Next, Landlords assert that the Judgment awarded them prejudgment interest pursuant to HRS § 636-16 (Supp. 1984).[9] The record does not support this assertion.

This is a case where, if § 636-16 prejudgment interest was to be awarded, the designation of its commencement date was absolutely necessary. From the reading of the trial court's findings in the Judgment it is unclear when the "injury" or "breach" first occurred. Consequently, since the trial court did not designate a commencement date, it did not award any prejudgment interest under HRS § 636-16.[10]

---

[8] HRS § 478-1(1) reads:

Legal rate; computation. When there is no express written contract fixing a different rate of interest, interest shall be allowed at the rate of ten per cent a year as follows:

(1) For money due on any bond, bill, promissory note, or other instrument of writing, or for money lent, after it becomes due[.]

[9] HRS § 636-16 was enacted in 1979 and provides:

Awarding interest. In awarding interest in civil cases, the judge is authorized to designate the commencement date to conform with the circumstances of each case, provided that the earliest commencement date in cases arising in tort, may be the date when the injury first occurred and in cases arising by breach of contract, it may be the date when the breach first occurred.

---

[10] The only reasonable explanation why the words "interest . . . as allowed by law" appeared in the Judgment is suggested by Tenants: In preparing the Order, Landlords' counsel included "boiler-plate language."

## II. ATTORNEY'S FEES

### A. HRS § 607-14

Landlords contend that in Civil No. 6007 the trial court intended to award them the maximum attorney's fees permissible under HRS § 607-14, but erred in applying the schedule therein to the combined total of the judgment amount and the amount sued for in the counterclaim. On the other hand, Tenants argue that the trial court did not abuse its discretion in awarding Landlords "reasonable" attorney's fees of $949.87. We agree with Landlords.

Section 607-14 taxes attorney's fees on the losing party in "all actions in the nature of assumpsit." The amount on which the fees are to be assessed is dependent on who obtains the judgment — the judgment amount (exclusive of costs) if plaintiff or counterclaimant prevails, and the amount sued for if the defendant or counterclaimee wins. Consequently, we hold that under the statute where the plaintiff prevails on both his complaint and on the defendant's counterclaim, the maximum amount of § 607-14 attorney's fees awardable is computed by applying the schedule to the judgment amount in plaintiff's favor and to the amount sued for in the counterclaim separately and adding the resulting products. *Cf. Smothers v. Renander,* 2 Haw. App. 400, 633 P.2d 556 (1981) (award of attorney's fees on intervenor's complaint and on counterclaim under HRS § 607-17 based on written instruments providing for attorney's fees).

We conclude from a review of the record that the trial court intended to award Landlords the maximum permissible under § 607-14. First, the court applied the § 607-14 schedule in the Order and arrived at the total attorney's fees of $949.87. Second, if the court intended fees less than the maximum allowed by § 607-14, it most likely would have specified an amount in whole dollars omitting the odd cents. Finally, Landlords' counsel had "expended 100.65 hours" in the consolidated cases and stated in his affidavit that "a reasonable value for legal services is $6,790.42 (which is an hourly rate of $67.46)." Record at 140.

Consequently, the maximum attorney's fees should have been computed by applying the § 607-14 schedule to the judgment

amount and the amounts sued for in the counterclaim separately as follows:

| | |
|---|---|
| Judgment of $4,997.85 | $ 749.89 |
| Amount of $7,997 sued for in Counts I and II of counterclaim | 824.93 |
| Total attorney's fees | $1,574.82 |

### B. Civil No. 5858

The district court awarded Anthony attorney's fees of $245 for prevailing against Tenants in Civil No. 5858.[11] We hold *sua sponte* that such award of attorney's fees was duplicative.

The record discloses that count III of the Tenants' counterclaim in Civil No. 6007 included the same claim asserted by Tenants in Civil No. 5858 against Anthony who was one of the Landlords. Thus, having awarded Landlords attorney's fees for prevailing on count III of the counterclaim in Civil No. 6007, the trial court should not have awarded Landlords any attorney's fees for prevailing in Civil No. 5858.

We therefore set aside the award of attorney's fees in Civil No. 5858.

### III. CONCLUSIONS

First, contrary to Tenants' contention in their answering brief, Landlords' appeal is not frivolous.

Second, we affirm the trial court's non-award of prejudgment interest.

Third, we vacate the Order as to the attorney's fees awarded to Landlords in Civil No. 6007 and remand for recomputation.

Fourth, the award of attorney's fees to Anthony in Civil No. 5858 is reversed.

---

[11] No attorney's fees may be awarded under HRS §§ 607-14 and 607-17 "by any judgment of the small claims division." HRS § 633-34 (1976). However, after Civil No. 5858 was consolidated for trial with Civil No. 6007, the ordinary practice and procedure applicable in district courts governed Civil No. 5858. *See* HRS § 633-27(a) (Supp. 1984); Rv' 4, Rules of the Small Claims Division of the District Courts (1973).

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

*Douglas L. Halsted* for plaintiffs-appellants in Civil No. 6007 and defendant-appellant in Civil No. 5858.

*Matthew G. Jewell* (*Cook, Choi, Quitiquit & Matsukawa,* of counsel) for defendants-appellees in Civil No. 6007 and plaintiffs-appellees in Civil No. 5858.