961 P.2d 611

Edmund S.P. WONG, Plaintiff–
Appellee/Cross–Appellant,

v.

Robert M. TAKEUCHI and Harry
Ushijima, Defendants,

and

Sandra Ohara, Defendant–
Appellant/Cross–
Appellee.

No. 20632.

Supreme Court of Hawai'i.

May 20, 1998.

Reconsideration Denied Aug. 24, 1998.

See also 83 Hawai'i 94, 924 P.2d 588.

Edward C. Kemper, on the briefs, Honolulu, for defendant-appellant/cross-appellee.

Rory Soares Toomey, on the briefs, Honolulu, for plaintiff-appellee/cross-appellant.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

NAKAYAMA, Justice.

Defendant-appellant/cross-appellee Sandra Ohara appeals from an order of the circuit court granting her attorneys' fees and costs in a lower amount than she had requested. Plaintiff-appellee/cross-appellant Edmund Wong argues on cross-appeal that Ohara is not entitled to attorneys' fees because she is not the prevailing party in the action. Because the full amount of allowable attorneys' fees provided for under the applicable statute has already been awarded against Wong, we agree with Wong on the cross-appeal, although for different reasons. With respect to Ohara's request for costs, we are unable to discern the rationale behind the circuit court's reduction of her request for costs by $1,600.00. We hold that the circuit court abused its discretion by reducing Ohara's award without explanation or a readily discernable rationale. Therefore, we vacate the order of the circuit court and remand for (1) entry of an order denying Ohara's request for attorneys' fees and (2) determination of the appropriate amount due to Ohara for costs incurred during the prior circuit court proceedings.

## I. BACKGROUND

On August 6, 1987, Wong filed a complaint for dissolution of partnership, for partnership accounting, and for contribution against defendants Ohara, Robert Takeuchi, and Harry Ushijima. The complaint sought consequential damages "in excess of $300,000." On February 6, 1992, the circuit court entered an order granting in part and denying in part defendants' joint motions for summary judgment. This order: (1) granted summary judgment in favor of defendants on Wong's complaint for accounting and contribution based on two separate grounds, i.e., (a) the defense of laches and (b) Wong's failure to file the complaint within the applicable statute of limitations; and (2) denied summary judgment regarding the liability of incoming partners. On March 3, 1992, Wong appealed this order.

On March 6, 1992, Takeuchi and Ushijima filed a motion for costs and attorneys' fees. On April 16, 1992, the circuit court granted the motion. Takeuchi was awarded $13,-968.42 in attorneys' fees and $700.00 in costs. Ushijima was awarded $13,968.42 in attorneys' fees and $35.00 in costs.

On May 28, 1992, the circuit court entered a final judgment against Wong in favor of defendants. The final judgment provided that "[d]efendants are entitled to reasonable attorneys' fees and costs pursuant to Hawai'i Revised Statutes [ (HRS) ] §§ 607-13 and 14." On July 24, 1992, an amended final judgment was entered. This amended judgment provided that "Plaintiff owes Takeuchi $700.00 in costs and $13,968.42 in attorneys' fees. Plaintiff owes Ushijima $35.00 in costs and $13,968.42 in attorneys' fees." On March 4, 1993, a satisfaction of final judgment was entered by Takeuchi and Ushijima, acknowledging full payment and satisfaction of the amended final judgment.

On August 30, 1996, the Intermediate Court of Appeals dismissed Wong's appeal for lack of appellate jurisdiction because the order entered on February 6, 1992, from which Wong appealed, was not a final judgment disposing of all claims. On November 14, 1996, Ohara filed a motion in the circuit court seeking an award of costs and attorneys' fees for disbursements incurred during

the circuit court proceedings.[1] Ohara sought $3,264.58 in costs and $53,962.50 in attorneys' fees incurred at the circuit court level. Additionally, Ohara sought fees and costs incurred in preparing the motion for fees and costs, both at the appellate and circuit court levels. On December 6, 1996, Wong filed a memorandum in opposition to Ohara's request, arguing that: (1) Ohara did not prevail on the merits; and (2) she did not demonstrate that the costs requested were necessary. On March 19, 1997, the circuit court entered a final judgment and order granting Ohara attorneys' fees in the amount of $13,-000 and costs of $1,664.58. The judgment of the circuit court does not contain any findings regarding or explanation of the reductions in the fees and costs awarded from those requested by Ohara.

Ohara timely appealed the March 19, 1997 judgment of the circuit court. On appeal, Ohara argues that the circuit court: (1) either (a) erred in applying the previous statutory cap on allowable attorneys' fees or (b) abused its discretion in awarding only $13,-000 in attorneys' fees if it did not apply the previous cap; and (2) abused its discretion in reducing the amount of costs requested. On April 24, 1997, Wong filed a notice of cross-appeal of the judgment. In his cross-appeal, Wong argues that Ohara is not a prevailing party in this case and is therefore not entitled to attorneys' fees and costs.

## II.  *DISCUSSION*

### A.  *Ohara was a prevailing party at circuit court.*

■ Wong argues in his cross-appeal that Ohara was not entitled to any attorneys' fees for the circuit court proceedings because she was not a "prevailing party." Wong asserts that "the only reason that Ohara prevailed at trial in this case was that the [t]rial [c]ourt found that the statute of limitations had run." Wong claims that this means Ohara did not prevail on the merits of her claim and is

therefore not a prevailing party for the purposes of awarding attorneys' fees and costs. This is incorrect.

We note at the outset that the circuit court's grant of partial summary judgment in favor of defendants was based both on laches and on the statute of limitations. Therefore, Wong is incorrect in asserting that the only basis for the trial court's judgment was the statute of limitations. However, even if that were the only grounds for judgment, Ohara would still be the prevailing party for the purpose of recovering her costs.

■ "Usually the litigant in whose favor judgment is rendered is the prevailing party. . . . Thus, a dismissal of the action, whether on the merits or not, generally means that defendant is the prevailing party." Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2667 (1983). There is no requirement that the judgment in favor of the prevailing party be a ruling on the merits of the claim.

Wong's reliance on *Wong v. Panis,* 7 Haw. App. 414, 772 P.2d 695 (1989) is misplaced. In *Panis,* the Intermediate Court of Appeals addressed the essential elements for the claim of malicious prosecution. The first element of malicious prosecution is that the prior proceedings be terminated in the plaintiff's favor. The *Panis* court addressed the issue of whether a voluntary dismissal of a prior civil action without prejudice was sufficient to meet this element of a malicious prosecution claim. The *Panis* court held that "[t]he requirement is met when there has been an adjudication in the plaintiff's favor on the merits ... or the termination reflects on the merits." *Id.* at 419, 772 P.2d at 699. *Panis,* however, is inapplicable to the issue of whether Ohara is a prevailing party for the purpose of recovering her attorneys' fees and costs. Either ground relied upon by the circuit court, laches or statute of limitations, is sufficient. Judgment was entered in favor of Ohara and therefore she

---

1. Defendants also filed motions with the Intermediate Court of Appeals for costs and attorneys' fees incurred on appeal. The Intermediate Court of Appeals granted Takeuchi and Ushijima $423.48 in costs and $12,362.90 in attorneys' fees. Ohara was granted $353.58 in costs but her request for attorneys' fees was denied because she pursued her appeal *pro se.* The propriety of the award of costs and fees by the Intermediate Court of Appeals is not part of the instant appeal.

was a prevailing party in the circuit court action.

B. *Ohara is not entitled to attorneys' fees because the entire amount allowable under the applicable statutory maximum for fees incurred at circuit court has already been awarded in this action.*

Final judgment on the merits of Wong's claim was entered by the circuit court in favor of defendants on May 28, 1992. At that time, HRS § 607–14 (1985) stated, in pertinent part, that:

> **Attorneys' fees in actions in the nature of assumpsit.** In all the courts, in all actions in the nature of assumpsit there shall be taxed as attorneys' fees, in addition to the attorneys' fees otherwise taxable by law, to be paid by the losing party ... a fee which the court determines to be reasonable but which shall not exceed the amount obtainable under the following schedule:
>
> 25 percent on first $1,000 or fraction thereof.
>
> 20 percent on second $1,000 or fraction thereof.
>
> 15 percent on third $1,000 or fraction thereof.
>
> 10 percent on fourth $1,000 or fraction thereof.
>
> 5 percent on fifth $1,000 or fraction thereof.
>
> 2.5 percent on any amount in excess of $5,000.
>
> The above fees shall be assessed on the amount ... sued for if the defendant obtains judgment.

The parties apparently do not contest that the attorneys' fees awardable for this action under this schedule is $13,968.42. This amount was awarded to both Takeuchi and Ushijima on April 16, 1992. In 1993, the statute was amended. The previous limit on attorneys' fees was repealed and the statute now provides that the amount of attorneys' fees taxed "shall not exceed twenty-five percent of the judgment.... The above fees provided for by this section shall be assessed on ... the amount sued for if the defendant obtains judgment." This amendment was ef-

fective July 1, 1993. 1993 Haw. Sess. L. Act 200, § 5 at 305–07.

■ Ohara argues that she should be allowed to collect attorneys' fees under the new statutory cap of 25% of the amount sued for. Wong's brief fails to address the issue of which statutory cap to apply. Nevertheless, we hold that the statutory cap in effect prior to July 1, 1993 applies. This statutory cap is a maximum total amount that can be awarded, not an amount that can be awarded to each prevailing party. Therefore, the circuit court erred in 1992 by awarding this amount to both Takeuchi and Ushijima. This order was not appealed and is not before us now. However, the circuit court also erred in the order appealed from herein, by awarding an additional amount of attorneys' fees to Ohara.

■ The issue of whether the statutory cap on attorneys' fees is a maximum total amount that can be collected or an amount which can be collected by each prevailing party was not raised by Wong in the circuit court. "The general rule is that an issue [that] was not raised in the lower court will not be considered on appeal. An appellate court will deviate from this rule only when justice so requires." *Kernan v. Tanaka,* 75 Haw. 1, 35, 856 P.2d 1207, 1224 (1993) (brackets in original, citation omitted). Because upholding the circuit court's award of attorneys' fees in favor of Ohara would entail the validation of an award against Wong three times that authorized by statute, we will address this issue.

■ This action seeks attorneys' fees incurred in the circuit court proceedings. Final judgment in the circuit court was entered in 1992. The statute raising the cap on allowable attorneys' fees did not go into effect until July 1, 1993. Because the appeal was dismissed, no further action on the substance of Ohara's defense to Wong's claim occurred in the circuit court after the statutory cap was raised. Therefore, we hold that the proper cap on the maximum amount of attorneys' fees that can be awarded as a result of the circuit court action is that found in the statute in effect in 1992. Application of the new statute effective July 1, 1993 to

the circuit court proceedings that terminated previous to the effective date of the amendment would have improper retroactive effect.

HRS § 1–3 (1993) provides that "[n]o law has any retrospective operation, unless otherwise expressed or obviously intended." Also, this court has noted the "general rule in most jurisdictions that [s]tatutes or regulations which say nothing about retroactive application are not applied retroactively if such a construction will impair existing rights, create new obligations or impose additional duties with respect to past transactions." *Clark v. Cassidy*, 64 Haw. 74, 77 n. 6, 636 P.2d 1344, 1346 n. 6 (1981).

*State of Hawai'i Org. of Police Officers v. Soc'y of Professional Journalists*, 83 Hawai'i 378, 389, 927 P.2d 386, 397 (1996) (brackets in original)(parenthetical omitted). Retroactive application of the statutory amendment would impose an additional burden on Wong as a result of a past transaction. Therefore, because the statute does not expressly or obviously manifest an intent to be applied retroactively,[2] we hold that the amendment does not apply retroactively to litigation terminated prior to the effective date of the amendment.[3]

This court has not previously addressed directly the question whether the amount of allowable attorneys' fees under the schedule in effect prior to July 1, 1993 is a total amount or an amount awardable to each prevailing party. Prior appellate court decisions have impliedly held that this limit is the maximum amount that may be awarded in an action. *See, e.g., Wisdom v. Pflueger*, 4 Haw. App. 455, 667 P.2d 844 (1983); *Rodrigues v.*

*Chan*, 5 Haw.App. 603, 705 P.2d 67 (1985). In *Wisdom*, the statutory maximum was applied as a ceiling to the total award that the prevailing defendants, James Pflueger, Archie Komae, and Wisdom Industries, Inc., could recover against the plaintiffs, David and Barbara Wisdom. Only one amount was awarded to the three prevailing defendants. Similarly, in *Rodrigues*, the prevailing parties, Anthony and Paula Rodrigues, were awarded a single amount of attorneys' fees equivalent to the statutory maximum.

Holding that the statutory cap is a maximum total amount that may be awarded in an action is consistent with the plain language of the statute. "Our foremost obligation when interpreting a statute is to ascertain and give effect to the intention of the legislature, which is obtained primarily from the language contained in the statute itself." *Mendes v. Hawai'i Ins. Guar. Ass'n*, 87 Hawai'i 14, 17, 950 P.2d 1214, 1217 (1998) (citation and internal brackets omitted). Under the plain language of the statute, the attorneys' fee awarded "shall not exceed the amount obtainable under the following schedule[.]" We hold that this language indicates that the total amount awarded to all parties may not exceed the maximum amount allowable under the statutory schedule. In this case, that amount is $13,968.42. This amount has already been awarded to the other two prevailing parties. Ohara did not file a joinder in the other defendants' motion for attorneys' fees in 1992. Because an amount over and above the amount allowable by statute has already been awarded, the circuit court erred in ordering Wong to pay Ohara an additional amount of attorneys' fees.

2. Ohara erroneously cites to language in the 1994 amendment of HRS § 607–14, which states that "[t]his act shall apply to actions pending in court from and after the effective date of this act." 1994 Haw. Sess. L. Act 74, § 2 at 184. The 1994 amendment added the language:

Where the note or other contract in writing provides for the recovery of attorneys' fees incurred in connection with a prior debt, those attorneys' fees shall not be allowed in the immediate action unless there was a writing authorizing those attorneys' fees before the prior debt was incurred. "Prior debt" for the purposes of this section is the principal amount of a debt not included in the immediate action.

This amendment has no relation to the 1993 amendment increasing the statutory maximum cap on allowable fees. Therefore, the legislative mandate for the application of this amendment is inapplicable to the issue before us today.

3. Because Ohara is requesting attorneys' fees solely for work performed at the circuit court, the fact that the appeal was still pending at the time the statute was amended does not affect her entitlement to the attorneys' fees at issue in this appeal. The application by the Intermediate Court of Appeals, in 1996, of the twenty-five percent cap to the calculation of attorneys' fees awarded on appeal is not inconsistent with our holding in the present matter.

**C.** *The circuit court abused its discretion in reducing Ohara's request for costs.*

Hawai'i Rule of Civil Procedure (HRCP) 54(d) provides that, "[e]xcept when express provision therefore is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" "The award of a taxable cost is within the discretion of the trial court and will not be disturbed absent a clear abuse of discretion." *Bjornen v. State Farm Fire and Cas. Co.*, 81 Hawai'i 105, 107, 912 P.2d 602, 604 (App. 1996). However, although the court has discretion in making an award of costs,

> [Rule 54(d) ] creates a strong presumption that the prevailing party will recover costs .... the court may not deny costs to the prevailing party without explanation, unless the circumstances justifying denial of costs are plain from the record. Not only must the court explain its reasons for denying costs to the prevailing party, but the reasons given must also be adequate. The presumption that the prevailing party is entitled to costs must be overcome by some showing that an award would be inequitable under the circumstances. The losing party bears the burden of making this showing.

10 Moore's Federal Practice § 54.101(1)(a-b) (3d ed.1998); *See also National Information Services, Inc. v. TRW, Inc.*, 51 F.3d 1470 (9th Cir.1995) ("Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party.").[4]

HRS § 607–9 (1993) provides that:

> No other costs of court shall be charged in any court in addition to those prescribed in this chapter in any suit, action, or other proceeding, except as otherwise provided by law.

> All actual disbursements, including but not limited to, intrastate travel expenses for witnesses and counsel, expenses for deposition transcript originals and copies, and other incidental expenses, including copying costs, intrastate long distance telephone charges, and postage, sworn to by an attorney or a party, and deemed reasonable by the court, may be allowed in taxation of costs. In determining whether and what costs should be taxed, the court may consider the equities of the situation.

The following is a summary by category of Ohara's requested items of costs:

| | |
|---|---|
| Airfare: | $2,431.00 |
| Parking: | $ 104.00 |
| Rental car/gas | $ 403.01 |
| Hotel: | $ 140.00 |
| Copies: | $ 122.66 |
| Postage: | $ 21.48 |
| Telephone/fax | $ 29.99 |
| Office supplies | $ 12.44 [5] |

Ohara's total request for circuit court costs was $3,264.58. Moreover, Ohara's attorney requested $187.96 for costs incurred in the preparation of the motion for fees and costs. The circuit court awarded $1,664.58. The circuit court did not provide any explanation for: (1) reducing Ohara's cost request by $1,600.00 and (2) denying costs for the preparation of the motion. We are unable to discern any apparent rationale for the $1,600.00 reduction. Therefore, we hold that the circuit court abused its discretion by reducing, without explanation, Ohara's cost request. We remand this matter to the circuit court for recalculation of Ohara's costs. To assist the circuit court in this determination, we address each of Ohara's cost requests *seriatim*.

The largest single cost item requested is airfare. Ohara is a resident of O'ahu. Her circuit court attorney resided and practiced on O'ahu. The instant action was filed by Wong in the Circuit Court of the Third

---

4. Rule 54(d) of the Federal Rules of Civil Procedure is functionally identical to Rule 54(d) of the HRCP. "Where a Hawai'i rule of civil procedure is identical to the federal rule, the interpretation of this rule by federal courts is highly persuasive." *Collins v. South Seas Jeep Eagle*, 87 Hawai'i 86, 88, 952 P.2d 374, 376 (1997) (citation and internal quotation marks omitted).

5. This summary was provided by Ohara in her request to the circuit court. The cost request was accompanied by an itemized breakdown of the particular items requested, including the avowed purpose of each interisland trip. Ohara's request contained affidavits from her attorneys averring that these expenditures were actually incurred as a result of this action. Wong does not contest that these sums were actually expended.

Circuit. Therefore, it was necessary for Ohara and her counsel to travel intrastate in order to defend this action. Actual disbursements for counsel and witnesses are specifically provided for by HRS § 607–9. Therefore, these are allowable taxable costs. However, Ohara's traveling costs, as the prevailing defendant, are specifically governed by HRS § 607–13 (1993). This section provides that, "[w]henever any cause or proceeding, other than criminal, probate or divorce, is discontinued or dismissed in any court, the defendant therein shall be entitled to have the defendant's traveling expenses, to be charged at the rate of 10 cents a mile each way in going to and returning from the court, taxed as costs."

> [W]here there is a "plainly irreconcilable" conflict between a general and a specific statute concerning the same subject matter, the specific will be favored. However, where the statutes simply overlap in their application, effect will be given to both if possible, as repeal by implication is disfavored.

*State v. Vallesteros,* 84 Hawai'i 295, 303, 933 P.2d 632, 640, *reconsideration denied,* 84 Hawai'i 496, 936 P.2d 191 (1997). HRS § 607–13 specifically addresses the awarding of traveling expenses to a prevailing defendant. This statute controls over any argument that a defendant's traveling expenses are recoverable under the general statute, HRS § 607–9. Therefore, Ohara's traveling expenses are limited to that mandated in HRS § 607–13.

Certain of Ohara's traveling expenses are due to depositions. Wong argues that Ohara's cost request contains

> no explanation as to why these depositions and/or the costs they incurred were necessary. Deposition costs are only taxable if they are necessary and therefore, Ohara's failure to show why these depositions and/or the costs they incurred were necessary make it clear that it would be an

abuse of discretion for this court to tax them to [Wong].

We disagree with Wong's assertion that Ohara bears the burden of showing the reasonableness of the costs request.

■■■■■ HRS § 607–9 provides that "[a]ll actual disbursements ... sworn to by an attorney or a party and deemed reasonable by the court, may be allowed in taxation of costs." The moving party is required to attest that the costs requested were actually expended on the case. The statute does not, on its face, require that the prevailing party prove that the costs requested are reasonable.[6] The court must make this determination. Because there is a presumption that the prevailing party may be awarded its costs, the burden of showing that a particular cost request is unreasonable is more properly on the adverse party. We agree with the holding of the Supreme Court of Alabama on this issue. "Unless there is a specific objection to an expense item, the court ordinarily should approve the item. The burden of proving correctness of items shifts to the party claiming them only after objections have been filed to specific items." *Lewis, Wilson, Lewis & Jones v. First Nat'l,* 435 So.2d 20, 23 (Ala.1983). The losing party bears the burden of showing that a denial of costs is justified because "the denial of costs is by nature a penalty." *National Information Services,* 51 F.3d at 1472 (citations omitted).

■■■■■ The issue of which party has the burden of proving the reasonableness of a particular cost request has not been previously addressed by the Hawai'i appellate courts. We hold that, when costs are awardable to a prevailing party under HRCP Rule 54(d) and a particular taxable cost is allowed by statute or precedent, then actual disbursements for this purpose are presumptively

---

**6.** In clear contrast, the statute governing the awarding of costs to court-appointed counsel for indigent defendants provides that the court is mandated to award "reasonable compensation for necessary expenses, including travel, the amount of which shall be determined by the court[.]" HRS § 802–5(a) (1993). The burden of showing the reasonableness of a cost request under HRS § 802–5(a) is on the attorney making the request. The use of this language in HRS § 802–5(a) buttresses our holding that a different conclusion as to the burden of proving reasonableness is mandated by the language of HRS § 607–9. If the legislature had intended for the moving party to have the burden of proving reasonableness under HRS § 607–9, it could have utilized statutory language similar to that in HRS § 802–5(a).

reasonable. The adverse party has the burden of challenging the reasonableness of a particular cost request. In the absence of a challenge to a particular request, it is not an abuse of discretion for a court to award the cost requested as presumptively reasonable.[7]

■ As an initial matter, we must address whether an attorney's traveling expenses for a deposition are specifically enumerated taxable costs. In *Turner v. Willis*, 59 Haw. 319, 582 P.2d 710 (1978), we held that "[i]t is well-established that traveling and subsistence expenses incurred by counsel in taking a deposition are not recoverable as costs." *Id.* at 332, 582 P.2d at 718. The general rule still holds in federal courts that, barring exceptional circumstances, attorney's traveling expenses associated with depositions are not recoverable. Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2676.

HRS § 607–9 has been amended since our decision in *Turner*. At the time *Turner* was decided, the statute stated that "all actual disbursements sworn to by an attorney or a party, and deemed reasonable by the court, may be allowed in taxation of costs." HRS § 607–9 (1976). The current language, which specifically allows "intrastate travel expenses for witnesses and counsel," was added in 1989. 1989 Haw. Sess. L. Act 4, § 1 at 4. Because the statute, as amended, specifically allows for intrastate travel expenses of counsel, without any restriction regarding travel for depositions, we hold that this statutory change overrides our previous holding in *Turner* on this issue. We hold that attorney intrastate travel expenses for depositions are allowable as taxable costs. These items should be awarded if deemed reasonable by the court.

Ohara's request for costs itemizes the date and purpose of each interisland trip. Therefore, because airfare for Ohara's counsel is specifically allowed by statute, it should be awarded unless Wong successfully challenges a particular requested item as unreasonable. Ohara's personal travel expenses are restricted by HRS § 607–13 and must be limited accordingly.

■ The next items on Ohara's cost request are parking, rental car, gas, and hotel expenses requested in conjunction with interisland travel. Expenditures for parking, rental car, and gas, while not specifically enumerated in the language of HRS § 607–9, are within the scope of "intrastate travel expenses." They are necessary expenditures when traveling intrastate. Therefore, they are within a category of taxable costs provided for by a statute and are presumptively recoverable. Hotel expenditures are reasonable only if necessary due to the scheduling of court proceedings or depositions. Hotel expenditures for the convenience of counsel should not be allowed. On remand, the circuit court should consider the foregoing when reviewing the matter of hotel expenses.

The next items requested by Ohara are copies, telephone, postage, and fax. Intrastate long distance telephone charges, copying costs, and postage are expressly allowable under HRS § 607–9. Hawai'i precedent allows reasonable disbursements for Fax transmissions. *Bjornen, supra.* Therefore, all of these items are allowable taxable costs.

■ Office supplies are not enumerated in the statute. "Although the trial court has discretion in the matter of allowing or disallowing costs, that discretion should be exercised sparingly when the requested expenses are not specifically allowed by statute or precedent." *Tradewinds Hotel, Inc. v. Cochran*, 8 Haw.App. 256, 271, 799 P.2d 60, 68, *reconsideration denied* 8 Haw.App. 662, 868 P.2d 466 (1990). As a general rule, routine expenses related to operating a law practice are not taxable costs. Therefore, Ohara would have to demonstrate a compelling rationale for the court to grant this expense.

■ We note that, although not included in Ohara's summary of expenditures, Ohara's motion contains a notation requesting $14.30 for "lunch." Meals are not taxable costs. The necessity for eating lunch is severable

7. Our opinion in this case is limited to costs awarded to a prevailing party in civil litigation pursuant to HRCP Rule 54(d) and HRS § 607–9. It is not meant to resolve issues relating to costs awarded to court-appointed attorneys for indigent defendants or costs awarded under other statutes.

from and unrelated to the litigation. Therefore, this cost item is not allowable.

■ Ohara's request for $187.96 in costs for preparing the motion for costs is not a taxable cost. We note that this cost request incorporates the costs for preparing both the motion for costs on appeal and the motion for costs at the circuit court. This is an improper commingling of two separate actions. Moreover, we are unable to find any authority for the proposition that costs incurred after the conclusion of the circuit court proceeding, solely for the purpose of preparing a motion for reimbursement of costs already incurred, are themselves taxable costs. We hold that they are not.

### III. CONCLUSION

For the foregoing reasons, we vacate the order of the circuit court and remand for (1) entry of an order denying Ohara's request for attorneys' fees and (2) determination of the appropriate amount due to Ohara for costs incurred during the past circuit court proceedings.