NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000893
10-MAY-2024
07:52 AM
Dkt. 88 SO**

NO. CAAP-18-0000893


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


EBBTIDE, LLC., an Oregon limited liability company,
Plaintiff-Appellee/Cross-Appellant,
v.
HAWAIIAN EBBTIDE HOTEL, INC., a Hawaii corporation,
Defendant-Appellant/Cross-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1RC181005026)


### SUMMARY DISPOSITION ORDER
(By: Nakasone, Presiding Judge, McCullen and Guidry, JJ.)

This is a summary possession case. Defendant-Appellant/Cross-Appellee Hawaiian Ebbtide Hotel, Inc. (**HEH**) appeals from three post-judgment orders entered by the District Court of the First Circuit's (**district court**): (1) October 16,

2018 Order Granting Defendant [HEH's] Motion to Reconsider and to Set Aside Judgment for Possession and Writ of Possession, Filed September 24, 2018, and Oral Motion to Dismiss (**Order**); (2) October 30, 2018 Order Denying [HEH's] Motion for Attorneys' Fees and Costs (**Attorneys' Fees Order**); and (3) November 8, 2018 Order Denying HEH's Motion to Reconsider and/or Set Aside Denial of [HEH's] Motion for Attorneys' Fees and Costs (**Order Denying Reconsideration**).[1] Plaintiff-Appellee/Cross-Appellant Ebbtide, LLC (**Ebbtide**) cross-appeals from those same three post-judgment orders.[2]

HEH argues three points of error on appeal, all which relate to the district court's denial of attorney's fees. HEH argues that the district court erred in denying HEH's: (1) motion for fees and costs; (2) first motion to reconsider/set aside its denial of HEH's motion for fees and costs; and (3) second motion to reconsider/set aside its denial of HEH's motion for fees and costs.[3] Ebbtide raises one point of error on

---

[1]    The Honorable Michael K. Tanigawa presided.

[2]    Ebbtide filed its complaint for summary possession, in August 2018, seeking, *inter alia*, a judgment terminating its lease agreement with HEH (the **Lease**), and a writ of possession removing HEH from the subject property. The operative Lease was the Amended and Restatement of Lease, entered into on December 21, 2000. The district court entered its Judgment for Possession and Writ of Possession in September 2018. HEH subsequently filed its Motion to Reconsider and to Set Aside Judgment for Possession and Writ of Possession.

[3]    HEH's Notice of Appeal did not designate the November 23, 2018 Order Denying Defendants' [Second] Motion to Reconsider and/or Set Aside
(continued . . .)

appeal, arguing that "[t]he District Court erred in its [] Order in holding that it lacked jurisdiction over the case and thus granting HEH's Motion to Set Aside Judgment for and Writ of Possession."

Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve HEH and Ebbtide's points of error as follows:[4]

(1) Ebbtide contends that the district court erred in concluding that it lacked jurisdiction over Ebbtide's summary possession action. Ebbtide filed its complaint pursuant to Hawaii Revised Statutes (**HRS**) § 666-1 (2016),[5] which gives the

---

[3] (. . .continued)
Court Order Denying Defendant's Motion to Reconsider and/or Set Aside Denial of Defendant's Motion for Attorneys' Fees and Costs, as an order being appealed. We therefore decline to address HEH's third point of error. Chun v. Bd. of Trs. of Emps. Ret. Sys. of the State of Haw., 92 Hawai‘i 432, 448, 992 P.2d 127, 143 (2000) (ruling that because appellants "did not, in . . . their notices of appeal, designate the . . . order as an order from which an appeal was being taken, they have not properly appealed it.").

[4]     We review the point of error raised in Ebbtide's cross-appeal first.

[5]     HRS § 666-1 states,

Whenever any lessee or tenant of any lands or tenements, or any person holding under the lessee or tenant, holds possession of lands or tenements without right, after the termination of the tenancy, either by passage of time or by reason of any forfeiture, under the conditions or covenants in a lease, or, if a tenant by parol, by a notice to quit of at least ten days, the person entitled to the premises may be restored to the possession thereof in [the] manner hereinafter provided.

district court authority to grant summary possession on the termination or forfeiture of a lease.

Pursuant to HRS § 604-5(d) (2016), "the district courts shall not have cognizance of real actions, nor actions in which the title to real estate comes into question[.]" Id. In Queen Emma Found. v. Tingco, 74 Haw. 294, 845 P.2d 1186 (1992), the Hawai‘i Supreme Court clarified that "HRS chapter 666, the summary possession statute, was enacted to provide an expedient remedy to restore a landlord to the possession of his premises when it is clear that the tenant holds *nothing more than a possessory interest* in the property." Id. at 304, 845 P.2d at 1190-91 (emphasis added).

In determining whether a lease involves a question of *title*, as opposed to a *mere possessory interest*, the Tingco court considered, *inter alia*, the "anticipated [] long-term relationship between lessor and lessees, that enabled and required lessees to build their residences" and construct "improvements" on the leased land, and that "provide[d] the lessees with the right to assign and mortgage the lease without the approval and consent of the lessor." Id. at 301, 845 P.2d at 1189.

The district court, applying the Tingco factors, determined,

4

with respect to the issue of jurisdiction, I think I do have to decide that.

I find that -- I looked not only at the term of the lease, but the -- I mean the duration of the lease, but the specific terms of the lease, and, honestly, the ability to mortgage without consent makes it seem very much like something more than just a possessory interest.

I do not think that there was a conveyance of title of any kind, but the mortgage without consent was I think for me the tipping point in addition to the duration of the lease.

. . . .

THE COURT: The motion to dismiss is granted without prejudice, since it's just based upon the jurisdiction of the court, not the merits of the case itself.

We review the district court's jurisdictional ruling *de novo*, as a question of law, under the right/wrong standard. Lingle v. Haw. Gov't Emps. Ass'n, AFSCME, Local 152, AFL-CIO, 107 Hawai'i 178, 182, 111 P.3d 587, 591 (2005). Applying this standard, we conclude that the district court was not wrong in determining that it lacked jurisdiction because the record reflects that the Lease conveyed to HEH more than a mere possessory interest in the subject property.

The Lease granted HEH the right to "assign, mortgage, pledge, encumber or in any manner transfer [the] lease" without Ebbtide's prior written consent, subject to certain enumerated conditions. Moreover, HEH was permitted to and, in some cases, required to perform "improvements" on the subject property.[6]

---

[6]    Section 6, Maintenance and Repair of Improvements of the Lease provides, in pertinent part,

(continued . . .)

5

Thus, it appears that, as in <u>Tingco</u>, HEH had "marketable property interests" in the subject property.[7]  <u>Tingco</u>, 74 Haw. at 301, 845 P.2d at 1189.

We conclude that the district court was not wrong in determining that the Lease conveyed to HEH more than a mere possessory interest in the subject property, such that the district court lacked jurisdiction over Ebbtide's summary possession action.

---

[6] (. . .continued)

> (b)  **[HEH] shall undertake structural alterations to the Improvements** only **for the purpose of keeping the Improvements in good condition and repair** or **for the purpose of erecting new Improvements** of equal or higher fair market value as the existing Improvements . . .

(Emphasis added.)

> Section 14, <u>Surrender</u> of the Lease, provides, in pertinent part,

> **Upon the expiration or earlier termination of the term of this Lease, all Improvements then located on the Premises shall, with the Premises, be vacated and surrendered free of all liens by Lessee to Lessor and shall become the property of Lessor** . . . it nevertheless being understood that **upon expiration or termination, title to the Improvements shall automatically vest in Lessor by operation of law** and no Lessee's execution of a bill of sale or assignment requested by Lessor shall in any manner be deemed a condition precedent to the automatic vesting of title.

(Emphasis added.)

[7]  We note that the dispositive issue is whether HEH held property rights in the land "beyond mere possession," not whether the Lease was specifically a long-term lease of residential property.  <u>Tingco</u>, 74 Haw. at 301, 845 P.2d at 1189.

6

(2) HEH contends that the district court erred in denying attorneys' fees to HEH.  In its Attorneys' Fees Order, the district court stated,

> Motion for fees and costs is premature.  Dismissal was without prejudice.  No determination was made on the merits and therefore there is no prevailing party.

We review the district court's denial of attorneys' fees under the abuse of discretion standard.  Chun v. Bd. of Trs. of Emps.' Ret. Sys. of the State of Haw., 106 Hawai‘i 416, 431, 106 P.3d 339, 354 (2005).

As the Hawai‘i Supreme Court has instructed,

> [u]sually the litigant in whose favor judgment is rendered is the prevailing party.  Thus, a dismissal of the action, whether on the merits or not, generally means that defendant is the prevailing party.  There is no requirement that the judgment in favor of the prevailing party be a ruling on the merits of the claim.

Wong v. Takeuchi, 88 Hawai‘i 46, 49, 961 P.2d 611, 614 (1998) (cleaned up).  See also Sheehan v. Grove Farm Co., Inc., 114 Hawai‘i 376, 395 163 P.3d 179, 198 (App. 2005) ("The holding of *Wong* is clear on its face: any dismissal, regardless of basis, generally renders the defendant the prevailing party for purposes of awarding costs (and attorneys' fees).").[8]

---

[8]    In Oahu Publications, Inc. v. Abercrombie, 134 Hawai‘i 16, 332 P.3d 159 (2014), the Hawai‘i Supreme Court affirmed the general principle that "the litigant in whose favor judgment is rendered is the prevailing party[,]" and "[t]here is no requirement that the judgment in favor of the prevailing party be a ruling on the merits."  Id. at 24, 332 P.3d at 167 (internal quotation marks omitted) (quoting Wong, 88 Hawai‘i at 49, 961 P.2d at 614).  On the facts before it, however, the court concluded that the appellee was not a "prevailing party" on appeal where the appeal was dismissed without prejudice to the appellant filing another appeal after a

(continued . . .)

Pursuant to the controlling caselaw, we conclude that the district court abused its discretion in declining to address HEH's fees motion on the erroneous basis that there was no prevailing party.

For the foregoing reasons, we affirm the district court's October 16, 2018 Order Granting Defendant [HEH's] Motion to Reconsider and to Set Aside Judgment for Possession and Writ of Possession, and we vacate the district court's October 30, 2018 Attorneys' Fees Order and November 8, 2018 Order Denying Reconsideration. We remand for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, May 10, 2024.

On the briefs:

Dallas Walker
for Defendant-Appellant/
Cross-Appellee

Randolph R. Slaton
Kristi L. Arakaki
for Plaintiff-Appellee/
Cross-Appellant

/s/ Karen T. Nakasone
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge

---

[8] (. . .continued)
flaw in the judgment was corrected. Id. at 25-26, 332 P.3d at 168-69. The court reasoned that "the ICA's dismissal of the first appeal did not finally resolve the . . . case," and "[t]he [appellant] was free to file a second appeal once the circuit court corrected the judgment[.]" Id. at 25, 332 P.3d at 168. Here, unlike in Oahu Publications, the district court's dismissal, on jurisdictional grounds, finally resolved the district court case.