**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000586
29-NOV-2024
10:34 AM
Dkt. 95 SO**

NO. CAAP-20-0000586

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

HALEIWA TOWN CENTER, Plaintiff-Appellant/Cross-Appellee, v.
TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP aka KAMEHAMEHA
SCHOOLS, MICAH ALIKA KANE, in his capacity as Trustee,
LANCE KEAWE WILHELM, in his capacity as Trustee,
ROBERT K.W.H. NOBRIGA, in his capacity as Trustee,
CRYSTAL K. ROSE, in her capacity as Trustee, and
ELLIOTT KAWAIHO'OLANA MILLS, in his capacity as Trustee,
Defendants-Appellees/Cross-Appellants
and
JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10; DOE "NON-PROFIT"
CORPORATIONS 1-10; and DOE GOVERNMENTAL AGENCIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CCV-20-0000112)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, and Wadsworth and Nakasone, JJ.)

Plaintiff-Appellant/Cross-Appellee Haleiwa Town Center
(**HTC**) appeals from, and Defendants-Appellees/Cross-Appellants
Trustees of the Estate of Bernice Pauahi Bishop aka Kamehameha
Schools[1] cross-appeal from, the August 31, 2020 Final Judgment
entered by the Circuit Court of the First Circuit.[2]  HTC contends
that the Circuit Court erred in dismissing its First Amended

_____

[1]    Defendants-Appellees/Cross Appellants also include Micah Alika
Kane, in his capacity as Trustee, Lance Keawe Wilhelm, in his capacity as
Trustee, Robert K.W.H. Nobriga, in his capacity as Trustee, Crystal K. Rose,
in her capacity as Trustee, and Elliot Kawaiho'olana Mills, in his capacity as
Trustee.  We refer to all of the Defendants-Appellees/Cross Appellants
collectively as **"KS."**

[2]    The Honorable Dean E. Ochiai presided.

Complaint (**FAC**) without leave to amend, and in ruling on various motions.[3/] KS contends that the Circuit Court abused its discretion in entering the October 5, 2020 **"Order** Denying [KS's] Motion for Attorneys' Fees and Costs, Filed September 11, 2020 (Dkt. 186)."

HTC leased land located at 66-125, 66-145 and 66-165 Kamehameha Highway in Haleiwa from KS. In its FAC, HTC alleged that KS obtained permits needed for a development on KS's adjacent property, known as the Haleiwa Storefront Lots project (**HSL Project**), through misrepresentations. HTC also alleged that KS wrongfully built over an access lane, referred to as Kewalo Lane, which was used by kuleana homeowners, whose properties were located behind the HSL Project, to access Kamehameha Highway. Based on these allegations, HTC asserted claims for: (1) breach of contract, (2) breach of the covenant of good faith and fair

---

[3/]     Specifically, HTC challenges the following:

(1) the April 13, 2020 "Findings of Fact, Conclusions of Law and Order Granting [KS's] Motion to Dismiss [FAC] or in the Alternative Motion to Stay Filed March 2, 2020" (**FOFs/COLs**);

(2) the April 13, 2020 "Order Granting [KS's] Motion to Dismiss [FAC] or in the Alternative Motion to Stay Filed March 2, 2020";

(3) the May 4, 2020 "Order Denying [HTC's] Motion for Leave to File Second Amended Complaint Filed March 9, 2020";

(4) the June 30, 2020 "Order Denying [HTC's] Motion for Reconsideration of (1) Order Granting [KS's] Motion to Dismiss [FAC] or in the Alternative Motion to Stay Filed March 2, 2020; Filed April 13, 2020 [Dkt. 108], and (2) Findings of Fact, Conclusions of Law and Order Granting [KS's] Motion to Dismiss [FAC] or in the Alternative Motion to Stay Filed March 2, 2020; Filed April 13, 2020 [Dkt. 106]";

(5) the May 4, 2020 "Order Granting [KS's] Motion to Quash Subpoenas Issued to (1) Custodian of Records for Group 70 International, Inc., (2) Custodian of Records for Hawaii Land Consultants, and (3) Custodian of Records for the Traffic Management Consultant or in the Alternative Motion to Stay Discovery Filed March 6, 2020";

(6) the May 4, 2020 "Order Denying [HTC's] Motion to Consolidate Civil Number 18-1-1530-09 DEO and Civil Number 1CCV-20-0000112 Filed March 9, 2020";

(7) the June 1, 2020 Order Denying [HTC's] Motion to Disqualify Judge Dean E. Ochiai in Civil Numbers 18-1-1530-09 DEO and 1CCV-20-0000112 Filed on April 14, 2020"; and

(8) the August 14, 2020 "Order Denying [HTC's] Amended Motion for Leave[ ]to Take the Preservation Deposition of Wilma Kehaulani Ward, Filed June 17, 2020."

dealing, (3) unfair competition under Hawaii Revised Statutes (**HRS**) Chapter 480, (4) estoppel from claiming Kewalo Lane is on HTC property, and (5) unjust enrichment.

The Circuit Court granted KS's motion to dismiss HTC's FAC, but denied KS's request for attorneys' fees and costs, resulting in HTC's appeal and KS's cross-appeal. HTC raises eight points of error; KS raises one.

Upon careful review of the record and the briefs submitted, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the parties' points of error as follows.

## A. HTC's Points of Error

1. HTC contends that the Circuit Court erred in dismissing the FAC and entering judgment in favor of KS.[4] We conclude that the court did not err.

HTC claims that if KS had not obtained approval to build a mid-block access lane for the HSL Project through misrepresentations, KS would have had to rely on access through the HTC property, HTC would likely have received a lease extension from KS, and HTC would have benefitted from increased traffic and profits for HTC's shopping center. According to HTC, once KS received tentative subdivision approval for the HSL Project, KS terminated discussions for a lease extension and for a new access lane for the kuleana homeowners with HTC contributing its 30-foot driveway and KS contributing a 10-foot wide strip on its adjoining parcels (**Joint Lane**). Instead, KS built a new 10-foot wide access lane (**Mid-Block Lane**).

HTC does not identify any provision in its lease that contractually obligated KS to renew or otherwise extend HTC's lease, or to construct the Joint Lane. See Alii Security Systems, Inc. v. Professional Security Consultants, 139 Hawaiʻi 1, 9, 383 P.3d 104, 112 (App. 2016)(statements of intent to renew

---

[4] Relatedly, HTC challenges FOFs 2 and 6 as incomplete, and COL 7 as wrong, and COLs 8 through 13 as wrong for ignoring the factual basis asserted by HTC to support its claims. FOFs 2 and 6 accurately recite portions of allegations from the FAC and are therefore not clearly erroneous. For the reasons discussed in the text, there was no error in dismissing HTC's claims.

a contract do not form a contract, and with no contract no breach occurs).

The implied covenant of good faith and fair dealing requires contracting parties to refrain from conduct that will deprive the other of the benefits of their agreement.  Id. (citing Best Place, Inc. v. Penn. Am. Ins. Co., 82 Hawaiʻi 120, 123-24, 920 P.2d 334, 337-38 (1996)).  Because KS was not contractually obligated to renew HTC's lease or construct the Joint Lane, HTC did not allege a viable claim for breach of contract or breach of the implied covenant of good faith and fair dealing.

"To recover . . . for an unfair method of competition violation, a plaintiff must prove: (1) a violation of HRS Chapter 480; (2) an injury to the plaintiff's business or property that flows from the defendant's conduct that negatively affects competition or harms fair competition; and (3) proof of damages." Field, Tr. of Est. of Aloha Sports Inc. v. Nat'l Collegiate Athletic Ass'n, 143 Hawaiʻi 362, 372, 431 P.3d 735, 745 (2018) (quoting Gurrobat v. HTH Corp., 133 Hawaiʻi 1, 21, 323 P.3d 792, 812 (2014)).  To meet the second element, the plaintiff must demonstrate injury in fact to their business or property, and show the nature of the competition.  Id. at 372-73, 431 P.3d at 745-46.

HTC alleged that KS "*misrepresented* that Kewalo Lane was on HTC's property to avoid having to provide [kuleana owners] access via the historic Kewalo Lane, and to obtain an unfair competitive advantage over HTC."  The Circuit Court appears to have dismissed HTC's unfair competition claim for failing to allege or explain how any specific acts of KS amounted to unfair competition.

On appeal, HTC does not rely on the FAC as stating an unfair competition claim.  Instead, HTC points to allegations in the proposed Second Amended Complaint (**SAC**) to support its claim. HTC's argument is thus waived as to the FAC.  See HRAP Rule 28(b)(7).  The Circuit Court did not err in concluding that the FAC failed to state an unfair method of competition claim.

HTC presents no argument that the Circuit Court erred in dismissing the estoppel and unjust enrichment claims.  HTC's points on these issues are deemed waived.  See HRAP Rule 28(b)(7).

2.  HTC contends that the Circuit Court erred in denying HTC leave to file a Second Amended Complaint.  The Circuit Court did not abuse its discretion.

"Where proposed amendments to a complaint would not survive a motion to dismiss, this court should affirm the denial of leave to amend on futility grounds."  Yoshimura v. Kaneshiro, 149 Hawaiʻi 21, 44, 481 P.3d 28, 51 (2021) (quoting Office of Hawaiian Affairs v. State, 110 Hawaiʻi 338, 365, 133 P.3d 767, 794 (2006)).

In its opening brief, HTC repeats various allegations from the SAC, but makes no effort to explain how these allegations cured the deficiencies of its claims.  Based on our review of the proposed amendments, we note that they added details regarding KS's alleged misrepresentations to obtain permits for the HSL Project.  However, the proposed SAC did not allege that KS was contractually obligated to extend HTC's lease or to construct a Joint Lane.  Nor did the proposed SAC cure the defects in HTC's unfair competition claim.  For the reasons previously discussed, HTC's proposed amendments were futile.

3.   HTC contends that the Circuit Court erred in denying HTC's motion for reconsideration of the dismissal of the FAC.  We disagree.

"[T]he purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion."  James B. Nutter & Co. v. Namahoe, 153 Hawaiʻi 149, 162, 528 P.3d 222, 235 (2023) (quoting Sousaris v. Miller, 92 Hawaiʻi 505, 513, 993 P.2d 539, 547 (2000)).  Here, HTC's motion for reconsideration did not present new evidence or arguments that could not have been presented earlier, when the Circuit Court ruled on KS's motion to dismiss the FAC.  The Circuit Court did not abuse its discretion in denying HTC's motion for reconsideration.

4. HTC contends that the Circuit Court erred in denying its motion to disqualify, brought pursuant to Rule 2.11(a) of the Hawaiʻi Revised Code of Judicial Conduct, because certain actions and statements made by Judge Ochiai "would lead any objective litigant in HTC's position, to reasonably question Judge Ochiai's impartiality." More specifically, HTC argues that: (1) during a September 27, 2019 settlement conference, Judge Ochiai said that he would not allow a settlement where HTC would receive funds and asked HTC's counsel why they wanted to sue KS; (2) during a November 4, 2019 settlement conference, Judge Ochiai pushed the parties to "do a handshake deal" whereby KS would install a gate for emergency access via HTC's driveway for one of the kuleana lots; (3) at a March 24, 2020 hearing, Judge Ochiai asked why HTC filed a separate suit against KS, rather than a cross-claim in a preexisting suit brought by owners of one of the kuleana lots against KS, saying it appeared HTC was attempting to do an "end run under this Court's jurisdiction" in the preexisting suit; (4) Judge Ochiai entered KS's proposed FOFs/COLs granting the motion to dismiss without waiting for HTC's objections, even though HTC notified the court that it would be submitting objections; and (5) Judge Ochiai entered orders denying consolidation, quashing HTC's discovery requests, and denying HTC leave to file its proposed SAC before ruling on the motions for reconsideration and to disqualify.

"The test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired." Office of Disciplinary Counsel v. Au, 107 Hawaiʻi 327, 338, 113 P.3d 203, 214 (2005) (brackets omitted) (quoting State v. Ross, 89 Hawaiʻi 371, 380, 974 P.2d 11, 20 (1999)). "Litigants cannot take the heads-I-win-tails-you-lose position of waiting to see whether they win and if they lose moving to disqualify a judge who voted against them." Id. at 339, 113 P.3d at 215 (quoting Shurz v. Commc'ns, Inc. v. Fed. Commc'ns Comm'n, 982 F.2d 1057, 1060 (7th Cir. 1993)).

HTC was a business entity with commercial tenants and was represented by experienced legal counsel. While the Circuit Court was direct in questioning HTC's reasoning for bringing a separate suit, the questioning was relevant to determining whether HTC's claims were subject to dismissal as compulsory counterclaims. There was no impropriety in entering orders while HTC's motions for reconsideration and recusal were pending because the written orders pertained to rulings already made by the court. On this record, HTC has failed to establish that a reasonable person, knowing all the facts, would perceive as materially impaired Judge Ochiai's independence, integrity, impartiality, temperament, or fitness to fulfill his judicial responsibilities with respect to this case. Accordingly, the Circuit Court did not abuse its discretion in denying the motion to disqualify.

5. In light of our disposition of the above points of error, HTC's remaining points of error are moot, and we turn to KS's cross-appeal.

**B. KS' Point of Error**

KS contends that the Circuit Court abused it discretion in denying KS's motion for attorneys' fees and costs. HTC agrees that if this court rejects HTC's appeal, the matter should be remanded to the Circuit Court on the issue of the amount of fees and costs to be awarded.

A claim for breach of a commercial lease is a claim in assumpsit. See MK Kona Commons LLC v. Business Brokers Hawaii-West, LLC, No. CAAP-16-0000659, 2017 WL 3785150, at *4 (Haw. App. Aug. 31, 2017) (holding District Court abused its discretion in denying fees and costs to a Lessor who prevailed on claims for damages under lease agreement and remanding for further proceedings). In these circumstances, "the court may not deny costs to the prevailing party without explanation, unless the circumstances justifying denial of costs are plain from the record." Id. at *3 (quoting Wong v. Takeuchi, 88 Hawaiʻi 46, 52, 961 P.2d 611, 617 (1998)).

Here, the Circuit Court gave no reason for denying KS's motion for attorney's fees and costs, and the record reveals no readily discernible rationale.  The Circuit Court abused its discretion in denying costs without an adequate explanation or a readily discernible rationale.

## C.  Conclusion

For the reasons discussed above, we affirm the August 31, 2020 Final Judgment, vacate the October 5, 2020 **"Order** Denying Defendants' Motion for Attorneys' Fees and Costs, Filed September 11, 2020 (Dkt. 186)," and remand this case to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

It is further ordered that the motion for retention of oral argument filed on November 25, 2024, is denied.

DATED:  Honolulu, Hawaiʻi, November 29, 2024.


On the briefs:

William Meheula and
Natasha L.N. Baldauf
(Sullivan Meheula Lee, LLLP)
for Plaintiff-Appellant/
Cross-Appellee.

Dennis W. Chong Kee,
W. Keoni Scultz, and
Mallory T. Martin
(Cades Schutte)
for Defendants-Appellees/
Cross-Appellants

/s/ Keith K. Hiraoka
Presiding Judge


/s/ Clyde J. Wadsworth
Associate Judge


/s/ Karen T. Nakasone
Associate Judge