M. C. CLARK, MITSUKO IRIS CLARK, BARBARA M. HOAPILI, RICHARD A. MALDONADO, STEPHANIE U. LEE, JOSEPH M. O'NEILL, JOSEPH M. O'NEILL, JR., for themselves and all others similarly situated, Plaintiffs-Appellees, *v.* ALFRED HUGH CASSIDY, INTERNATIONAL SYNDICATIONS, INC., JACK J. MAHAKIAN, individually and as an officer and/or director of International Syndications, Inc., SOL LAIKIND, individually and as an officer and/or director of International Syndications, Inc., JACK LEUSCHEL, individually and as an officer and/or director of International Syndications, Inc., Defendants, and REAL ESTATE COMMISSION OF THE STATE OF HAWAII, Defendant Intervenor-Appellant

NO. 6974

CIVIL NO. 40481

DECEMBER 1, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM AND NAKAMURA, JJ.

*Per Curiam.* The only issue that merits consideration in this appeal is whether the amendment of HRS § 467-24,[1] which increased the maximum liability of the Real Estate Recovery Fund for payments on behalf of any one licensee of the Real Estate Commission, enables claimants to recover up to the new limit in a situation where the judgment against the licensees preceded the effective date of the amendment. We conclude that recovery from the fund in this instance is subject to the pre-amendment limit.

## I.

The Real Estate Recovery Fund (hereafter the Fund) was established by law in 1967 "to furnish financial protection to the consumer public when dealing with real estate brokers and salesmen by providing a fund which, under certain circumstances will satisfy unpaid judgments against real estate brokers and salesmen."[2] It is maintained through fees paid by licensees of the Real Estate Commission. The maximum liability of the Fund for claims against any one licensee was set in 1967 at $20,000.[3] In 1977 the maximum

---

[1] HRS § 467-24 states:

*Maximum liability.* Notwithstanding any other provision, the liability of the real estate recovery fund shall not exceed $40,000 for any one licensee.

[2] S.L.H. 1967, c. 187, subsequently codified as part of Chapter 467.

[3] *Id.*

was increased to $40,000,[4] the amendment's effective date being June 9, 1977.

In 1973, plaintiffs-appellees M. C. Clark, Mitsuko Iris Clark, Barbara M. Hoapili, Richard A. Maldonado, Stephanie U. Lee, Joseph M. O'Neill, Joseph M. O'Neill, Jr., for themselves and all others similarly situated (hereafter Appellees), as purchasers of individual one per cent interests in real property sold by Defendants International Syndications, Inc., Jack Mahakian, Sol Laikind, and Jack Leuschel (hereafter Defendants), filed a class action against them, alleging false and misleading representations.

On September 13, 1974, the plaintiff class was awarded $514,000 in damages. But no claim against the Fund was made until December 29, 1977 when appellees filed a Motion for Order Directing Payment of Unpaid Judgment from Real Estate Recovery Fund seeking to obtain a portion of the unpaid judgment in the amount of $60,000, as three of the defendants were licensees of the Board when the causes of action arose. Defendant-intervenor-appellant Real Estate Commission (hereafter the Commission), the Fund's custodian, advised the court that only $2,000 could be paid from the Fund on behalf of Defendants Sol Laikind and Jack Leuschel; it further informed the court the statutory limit of $20,000 had already been expended on behalf of International Syndications, Inc. by the Commission.[5]

The Commission asserted appellees' recovery should be subject to the statutory limitation of $20,000 per licensee that was in effect when the causes of action against defendants accrued. It claimed the Fund's liability should be held to the unexpended balances of the $20,000 payable on behalf of each of the three licensees. However, the circuit court in granting the appellees' motion applied the new

---

[4] S.L.H. 1977, c. 197.

[5] In a Memorandum in Response to Motion for Order Directing Payment of Unpaid Judgment from Real Estate Recovery Fund filed on January 17, 1978, the Commission indicated three previous orders that required payment from the Fund on behalf of these licensees had been made. Reference was made to Civil Nos. 40475, 40461, and 40405.

It should be further noted that the payment from the Fund applies only to Defendants Sol Laikind, Jack Leuschel, and International Syndications, Inc. since they were duly licensed brokers or salespersons at the time the action arose. Their licenses were revoked prior to the order directing payment from the Board.

limitation of $40,000 per licensee. The Commission's appeal followed.

## II.

It is an established rule that "[n]o law has any retrospective operation, unless otherwise expressed or obviously intended." HRS § 1-3; *Graham Construction Supply, Inc. v. Schrader Construction, Inc.,* 63 Haw. 540, 546, 632 P.2d 649, 653 (1981); *Molokai Homesteaders Cooperative Association v. Cobb,* 63 Haw. 453, 469, 629 P.2d 1134, 1145 (1981). The rule is particularly applicable where the statute or amendment involves substantive rights.[6] Substantive rights are generally defined as rights "which 'take away or impair vested rights acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability in respect to transactions or considerations already past,' "[7] as distinguished from remedies or procedural laws which merely prescribe methods of enforcing or giving effect to existing rights.[8] Hence, a subsequent amendment involving substantive rights will not be read as operating retrospectively in the absence of a clear legislative expression that such operation is intended. In the instant case, we conclude the increase in the

---

[6] It is a general rule in most jurisdictions that:

Statutes or regulations which say nothing about retroactive application are not applied retroactively if such a construction will impair existing rights, create new obligations or impose additional duties with respect to past transactions.

Derenco, Inc. v. Benjamin Franklin Fed. Sav. & Loan Ass'n, 281 Or. 533, 539 n.7, 577 P.2d 477, 483 n.7 (1978). *Accord,* State v. Sanchez, 119 Ariz. 64, 66, 579 P.2d 568, 570 (1978); Seddon v. Harpster, 369 So. 2d 662, 666 (Fla. 1979); McGill v. Muddy Fork of Silver Creek Watershed Conservancy Dist., ____ Ind. App. ____, 370 N.E.2d 365, 370 (1977); Kittilson v. Ford, 23 Wash. App. 402, 411, 595 P.2d 944, 948 (1979). Similarly, in the early case of *In re* Cosmopolitan Hotel, 37 Haw. 611, 623 (1947), we stated in relevant part that:

[S]ubsequent enactments will not be read as operating retrospectively to destroy or impair [a right vested by ordinance] unless the language employed imperatively requires a contrary construction.

[7] State v. Buder, 515 S.W.2d 409, 410 (Mo. 1974).

[8] State v. Limbrecht, 246 N.W.2d 330, 332 (Iowa 1976); Kittilson v. Ford, *supra,* 23 Wash. App. at 411, 595 P.2d at 948.

Fund's maximum liability was a substantive amendment and not a mere remedial or procedural change.

### A.

The measure of financial protection provided against defaulting real estate brokers and salesmen by the Fund was a substantial statutory right of the appellees. HRS §§ 467-18 and 467-24 operated to establish a right in the appellees to assert claims against the Fund before the 1977 amendment became effective. When the judgment against defendants was obtained, claimants had a right to recover up to $20,000 per licensee from the Fund. And when the Legislature subsequently increased the máximum liability of the Fund to $40,000 per licensee, it created, for all practical purposes, a right to recover another $20,000 per licensee. The increase was not a mere change in procedure or remedy to enforce an existing right. Since the amendment created an additional substantive right, it cannot be applied retrospectively to transactions already past, unless clear legislative intent compels a contrary construction.

### B.

We must therefore ascertain whether there is an expression or obvious intendment that the amendment was to have "any retrospective operation."

First, in èxamining the language of Act 197, S.L.H. 1977, we see nothing expressing an intent that the Fund's new maximum liability was to apply to pending claims. In fact, Section 4 provides the "Act shall take effect upon its approval,"[9] and this court has said. that "[w]here, by its terms, a statute is . . . to take effect at a fixed future date . . . it is prospective only in operation." *Waiakea Mill Co. v. Vierra,* 35 Haw. 550, 555 (1940). Thus, a retrospective application of this amendment would be contrary to the relevant legislative expression and prior judicial pronouncement.

Appellees further argue legislative history consisting of an early draft of a related bill demonstrates the Legislature intended a retro-

---

[9] S.L.H. 1977, c. 197.

spective application of the amendment.[10] But as the enacted version of the amendatory legislation contained no expression that the amendment should apply to pending claims, we are unable to so conclude. Moreover, this contention is contrary to the statutory presumption that an act is to have prospective application unless a contrary intent is manifested by the Legislature. We would not ascribe a lack of awareness of the foregoing statute, HRS § 1-3, and relevant judicial declarations to the Legislature.

Here, there are no words or expression that the amendatory legislation should operate retrospectively. In light of this silence, the amendment increasing the limits of recovery from the Fund cannot be applied to a claim or right of action that arose prior to its effective date.

The order of the circuit court allowing appellees' motion for an order of payment of unpaid judgment from the Fund is reversed, and the case is remanded for the entry of an order consistent with this opinion.

*Sidney K. Ayabe (Libkuman, Ventura, Moon & Ayabe,* of counsel) for defendant-intervenor-appellant.

*Allan Yee (Ian L. Mattoch* on the brief; *Mattoch & Kleintop,* of counsel) for plaintiffs-appellees.

---

[10] Section 5 of the original version of S. B. No. 1434, S. D. 1, a bill whose purpose also included the raising of the Fund's maximum liability, provided that "[t]his Act shall take effect upon its approval, but shall not be applicable to any claims filed with the Real Estate Commission upon the effective date of this Act." Furthermore, the report from the Senate Committee on Judiciary read in part:

Your Committee further recommends that the provisions of this bill shall not be applicable to any claims filed with the Real Estate Commission upon the effective date of this Act.

Sen. Stand. Comm. Rep. No. 316, in 1977 Senate Journal, at 993.

However, subsequent action by the same committee (Sen. Stand. Comm. Rep. No. 769, in 1977 Senate Journal, at 1178-79) regarding H. B. No. 259, S. D. 1, contained no mention of the exclusion of pending claims. (H. B. No. 259 is the bill which became law). Section 2 of this House bill increased the maximum liability without the proviso in § 5 of S. B. No. 1434; § 4 of H. B. No. 259 merely provided that "[t]his Act shall take effect upon its approval."