975 P.2d 211

**GOVERNMENT EMPLOYEES INSUR-
ANCE COMPANY, Respondent-Ap-
pellant–Appellant,**

v.

**Robert Alan HYMAN, M.D., as Provider
for Haekyong Ream, aka Daniel Ream
and H. Kai Ream, Provider Appellee–
Appellee, and Wayne C. Metcalf, III,[1]
Insurance Commissioner, Department of
Commerce and Consumer Affairs, Ap-
pellee–Appellee.**

No. 21697.

Supreme Court of Hawai'i.

March 18, 1999.

Carleton B. Reid and Kathy M. Sarria of
Miyagi Nohr & Myhre, on the briefs, for
respondent-appellant-appellant.

Deborah Day Emerson and David A. Web-
ber, Deputy Attorneys General, on the briefs,
for appellee-appellee.

Randal S. Yoshida, on the briefs, for pro-
vider appellee-appellee.

MOON, C.J., KLEIN, LEVINSON,
NAKAYAMA, and RAMIL, JJ.

Opinion of the Court by NAKAYAMA, J.

Respondent-appellant-appellant Govern-
ment Employees Insurance Company (GEI-
CO) appeals the first circuit court's order
and judgment affirming the final order of
appellee-appellee Wayne C. Metcalf, III, In-
surance Commissioner of the State of Ha-
wai'i (insurance commissioner) granting sum-
mary judgment in favor of provider-appellee-

---

1. Reynaldo D. Graulty is no longer in the posi-
tion of Insurance Commissioner, Department of
Commerce and Consumer Affairs of the State of
Hawai'i. Pursuant to Hawai'i Rules of Appellate
Procedure (HRAP) Rule 43(c)(1), Wayne C. Met-
calf, III has been substituted automatically in
this case.

appellee Robert A. Hyman, M.D (Dr. Hyman) and denying GEICO's cross-motion for summary judgment. On appeal, GEICO argues that the circuit court erred in ruling that: 1) Dr. Hyman had standing to contest GEICO's denial of no-fault[2] benefits based on the 1992 amendment to Hawai'i Revised Statutes (HRS) § 431:10C–212(a);[3] and 2) Dr. Hyman was entitled to attorney's fees and costs under HRS § 431:10C–211(a) (1993) as a "person" bringing a no-fault claim. Revisiting the agency's original decision in this case, the insurance commissioner now joins GEICO in asserting that the 1992 amendment to § 431:10C–212(a) does not apply in the present case and thus requests this court to reverse the decisions of the circuit court and the agency. Because the arguments of GEICO and the insurance commissioner lack merit, we affirm the judgment of the circuit court.

## I. BACKGROUND

On January 7, 1989, Daniel Ream, insured under a GEICO no-fault insurance policy, was injured in a motor vehicle accident. Ream subsequently received various health care treatments from Dr. Hyman. Dr. Hyman submitted to GEICO several treatment plans dated July 16, 1994, August 1, 1994, and August 24, 1994. GEICO challenged the plans, and the insurance commissioner referred the challenges to Richard Greenfield,

M.D. for peer review evaluation. Dr. Greenfield determined Dr. Hyman's proposed treatment plans to be inappropriate and unreasonable. On February 16, 1995, GEICO, based on Dr. Greenfield's evaluation, issued a denial of no-fault insurance benefits to Ream.

Dr. Hyman sought administrative review of GEICO's denial of benefits pursuant to HRS § 431:10C–212(a) (1993). On October 11, 1996, Dr. Hyman filed a motion for summary judgment. In his motion, Dr. Hyman argued that 1) GEICO's denial was invalid under this court's opinion in *Richard v. Metcalf*, 82 Hawai'i 249, 921 P.2d 169 (1996), insofar as it applied peer review procedures to the treatment of injuries sustained in a motor vehicle accident occurring before January 1, 1993, the effective date of the 1992 amendments to the Hawai'i no-fault law that instituted the peer review system; and 2) Dr. Hyman had standing to contest GEICO's denial of benefits because *Richard*'s ruling against the retroactivity of the 1992 amendments did not apply to the amendment to HRS § 431:10C–212(a), *see supra* note 3, granting a provider standing to contest a denial of no-fault benefits.[4] GEICO filed a memorandum in opposition to Dr. Hyman's motion on October 25, 1996, arguing that *Richard* precluded the application of any of the 1992 amendments to previously arising claims and that, thus, Dr. Hyman had no

**2.** In 1997, the legislature enacted wide-ranging amendments to the no-fault law that included the universal replacement of the term "no-fault" with the term "personal injury protection." *See* 1997 Haw. Sess. L. Act 251. As this appeal exclusively concerns the law prior to the 1997 amendments, this memorandum uses the original "no-fault" term throughout. *See generally id.,* § 70 at 553 (providing that the 1997 amendments shall generally take effect on January 1, 1998).

**3.** HRS § 431:10C–212 (1993) states in relevant part:

**Administrative hearing on insurer's denial of claim.**
(a) If a *claimant or provider of services* objects to the denial of benefits by an insurer or self-insurer pursuant to section 431:10C–304(3)(B) and desires an administrative hearing thereupon, the *claimant or provider of services* shall file with the commissioner....
(2) A written request for review.
. . . .

(c) The commissioner shall:
(1) Conduct a hearing in conformity with chapter 91 to review the denial of benefits. (Emphasis added.) Prior to 1992, this provision had only allowed the insured claimant to contest a denial of benefits. *See* HRS § 431:10C–212 (special pamphlet 1987). In 1992, the Hawai'i state legislature amended this provision to additionally allow the provider of services to contest a denial. *See* 1992 Haw. Sess. L. Act 124, § 7 at 214.

In 1997, the legislature further amended HRS § 431:10C–212 in respects immaterial to the present appeal. *See* 1997 Haw. Sess. L. Act 251, § 35 at 533 (replacing "no-fault benefits" with "personal injury protection benefits").

**4.** *See generally* 1992 Haw. Sess. L. Act 123, § 10 at 210; 1992 Haw. Sess. L. Act 124, § ·18 at 219 (providing that several of the amendments, including the peer review provisions and the addition of the provider in the standing provision of HRS § 431:10C–212(a), shall take effect on January 1, 1993).

standing to contest GEICO's denial of benefits. After hearing oral argument on the motion, Hearings Officer Richard A. Marshall issued an order stating that he would treat GEICO's memorandum in opposition as a cross-motion for summary judgment and allow further written briefing accordingly.

On March 5, 1997, the hearings officer issued his findings of fact, conclusions of law, and recommended order granting Dr. Hyman's summary judgment motion and denying GEICO's cross-motion. Pursuant to *Richard*, the hearings officer invalidated GEICO's denial of benefits as improperly based on a peer review evaluation. The hearings officer further ruled that *Richard* did not preclude a provider from contesting a denial of benefits arising from a pre–1993 accident and determined that the date of the contested denial, rather than the date of the accident, was the relevant date for purposes of a provider's standing to seek administrative review.

On March 20, 1997, GEICO filed written exceptions to the hearing officer's recommended order. On March 28, the insurance commissioner held a hearing on GEICO's exceptions. On May 29, Dr. Hyman filed a request for attorney's fees and costs, arguing that the plain language of HRS § 431–10C–211(a)[5] authorized an award to a "person making a claim for no-fault benefits." GEICO opposed the request, reiterating its objections to Dr. Hyman's standing and further arguing that the legislature intended HRS § 431–10C–211(a) to benefit no-fault claimants and did not amend the section in 1992 to specifically authorize an award of fees and costs to a provider.

On June 18, 1997 the insurance commissioner issued his final order adopting the hearings officer's findings of fact, conclusions of law, and recommended order. Regarding the issues presented for summary judgment, the order stated in relevant part:

[T]he reality is that the Hawaii Supreme Court has held that insurers may not use the peer review process as a basis for denying claims for no-fault insurance benefits arising out of pre 1993 motor vehicle accidents. In this matter the relevant accident occurred on January 7, 1989, and therefore HRS § 431:10C–308.6 may not be used by [GEICO] as a basis for issuing its denial of benefits to [Dr. Hyman].

At the same time it must also be recognized that the 1992 legislative package which addressed motor vehicle insurance reform—as embodied in Acts 123 and 124 of the 1992 Session Laws of Hawaii—contained *multiple* amendments to HRS Chapter 431 which were by no means limited to the peer review process. One of these amendments (§7 of Act 124) specifically provided that a provider of services who objected to an insurer's denial of benefits was entitled to request a review by the Insurance Commissioner. *This right, which had previously been reversed to claimants, was a valid prospective right which took effect on January 1, 1993.* It is applicable under the facts in this matter where, on February 24, 1995 [Dr. Hyman] objected to a February 16, 1995 denial of benefits by [GEICO]. *Neither the caselaw created by Richard, nor any other provision of law, precludes a provider from asserting his or her statutory right to pursue relief under such circumstances.*

(Some emphasis in original and some added.) The insurance commissioner also ruled that Dr. Hyman was entitled to attorney's fees and costs, insofar as Dr. Hyman had standing to contest GEICO's denial, and HRS § 431:10C–211(a) allowed an award of fees and costs to any "person" bringing a no-fault claim, including a provider.

On July 9, 1997 GEICO appealed the insurance commissioner's final order to the first circuit court. After hearing oral argument, the circuit court affirmed the insurance commissioner's final order. In its findings of fact, conclusions of law, and order, issued on

---

5. HRS § 431:10C–211 (1993) states in relevant part:

    **Claimant's attorney's fees.** (a) A person making a claim for no-fault benefits may be allowed an award of a reasonable sum for attorney's fees, and reasonable costs of suit in an action brought by or against an insurer who denies all or part of a claim for benefits under the policy[.]

June 18, 1998, the circuit court stated in relevant part:

### CONCLUSIONS OF LAW

1. In 1992, Act 124 of the Session Laws of Hawaii extended the right to arbitration and/or an administrative hearing to a health care provider as well as the claimant. HRS §§ 431:10C–212(a), 213(a); *Richard v. Metcalf,* 82 Hawai'i 249 n. 15, 921 P.2d 169 n. 15 (1996).

. . . .

3. In *Clark v. Cassidy,* 64 Haw. 74, 77, 636 P.2d 1344, 1346 (1981), the Hawaii Supreme Court held:

It is an established rule that "(n)o law has any retrospective operation, unless otherwise expressed or obviously intended." HRS § 1–3; *Graham Construction Supply, Inc. v. Schrader Construction, Inc.,* 63 Haw. 540, 546, 632 P.2d 649, 653 (1981); *Molokai Homesteaders Cooperative Association v. Cobb,* 63 Haw. 453, 469, 629 P.2d 1134, 1145 (1981). The rule is particularly applicable where the statute or amendment involves substantive rights. Substantive rights are generally defined as rights "which 'take away or impair vested rights acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability in respect to transactions or considerations already past,'" *as distinguished from remedies or procedural laws which merely prescribe methods of enforcing or giving effect to existing rights.*

(Emphasis added.)

4. In *Richard,* the Hawaii Supreme Court noted that "[p]ursuant to the 1992 amendments, the only relevant, substantive differences are that: 1) the insurer's authority to deny benefits is now subject to new provisions governing peer review, see HRS § 431:10C–304(3)(B) (1993); and 2) the health care provider may not bill an insured claimant directly for services provided. HRS § 431:10C–308.5 (1993)." *Id.* at 249 n. 14, 921 P.2d at 169 n. 14.

5. Unlike the peer review process in *Richard,* Act 124 amends HRS § 431:10C– 212 by merely prescribing methods of enforcing or giving effect to existing rights and does not affect substantive rights and obligations. The claimants are still entitled to prompt treatment of their injuries as provided by law and by their no-fault contracts. Similarly, an insurer is still obligated to pay appropriate, reasonable and necessary medical expenses incurred as a result of the motor vehicle accident, whether the claimant or provider requests for the administrative review of the denial of no-fault benefits.

6. Therefore, HRS § 1–3 is inapplicable. Dr. Hyman is an "aggrieved party" and has standing pursuant to HRS § 431:10C– 212 to challenge [GEICO]'s denial of no-fault benefits even where the motor vehicle accident occurred prior to January 1, 1993.

The circuit court entered final judgment on July 9, 1998. GEICO timely appealed.

### II. STANDARD OF REVIEW

When reviewing a circuit court's review of an administrative agency's decision, the appellate court essentially conducts a secondary appeal. *See Korean Buddhist Dae Won Sa Temple of Hawaii v. Sullivan,* 87 Hawai'i 217, 229, 953 P.2d 1315, 1327 (1998). This court must determine whether the circuit court was right or wrong in its decision, pursuant to the standards set forth in HRS § 91–14(g). The agency's decision carries a presumption of validity, and the appellant carries the heavy burden of convincing the court that the decision is invalid because it is unjust and unreasonable in its consequences. *See Hardin v. Akiba,* 84 Hawai'i 305, 309–10, 933 P.2d 1339, 1343–44 (1997).

*Government Employees Ins. Co. v. Dang,* 89 Hawai'i 8, 11, 967 P.2d 1066, 1069 (1998) (footnote omitted).

The present appeal involves two questions of law: 1) the retroactive effect of the 1992 amendments to HRS § 431:10C–212(a); and 2) the interpretation of HRS § 431:10C– 211(a). An agency's conclusions of law are freely reviewable. *See Steinberg v. Hoshijo,* 88 Hawai'i 10, 15, 960 P.2d 1218, 1223 (1998) (citation omitted). The interpretation of a

statute is a question of law reviewable *de novo,* under the right/wrong standard. *See Dang,* 89 Hawai'i at 11, 967 P.2d at 1069 (citation omitted). However, "judicial deference to agency expertise is a guiding precept where the interpretation and application of broad or ambiguous statutory language by an administrative tribunal are the subject of review." *Richard,* 82 Hawai'i at 252, 921 P.2d at 172 (citation omitted).

## III. DISCUSSION

### A. *Retroactivity of the Amendments to HRS § 431:10C–212(a)*

■ Regarding the retroactive effect of civil statutes, this court has stated:

HRS § 1–3 (1993) provides that "[n]o law has any retrospective operation, unless otherwise expressed or obviously intended." Also, this court has noted the "general rule in most jurisdictions that [s]tatutes or regulations which say nothing about retroactive application are not applied [to prior claims or events] if such a construction will impair existing rights, create new obligations or impose additional duties with respect to past transactions." *Clark v. Cassidy,* 64 Haw. 74, 77 n. 6, 636 P.2d 1344, n. 6 (1981).

*Wong v. Takeuchi,* 88 Hawai'i 46, 51, 961 P.2d 611, 616 (1998) (citing *State of Hawai'i Org. of Police Officers v. Society of Professional Journalists,* 83 Hawai'i 378, 389, 927 P.2d 386, 397 (1996)) (some brackets added.). Nevertheless, under an equally established rule of construction, a statute providing remedies or procedures that do not affect existing rights, but merely alter the means of enforcing or giving effect to such rights, may apply to pending claims—even those arising before the effective date of the statute. *See Clark,* 64 Haw. at 77, 636 P.2d at 1347 (citations omitted). *See also Landgraf v. USI*

*Film Products,* 511 U.S. 244, 273, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) ("Although we have long embraced a presumption against statutory retroactivity, for just as long we have recognized that, in many situations, a court should 'apply the law in effect at the time it renders its decision.'") (Citing *Bradley v. School Bd. of Richmond,* 416 U.S. 696, 711, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974).)[6]

■ These judicial principles of construction, however, do not apply if the legislature expressly limits the temporal scope of the statute. As the United States Supreme Court stated in *Landgraf:*

When a case implicates a federal statute enacted after the events in suit, *the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach. If Congress has done so, of course, there is no need to resort to judicial default rules.* When, however, the statute contains no such express command, the court must determine whether the new statute would have retroactive effect, i.e., whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result.[7]

*Id.* at 280, 114 S.Ct. 1483 (emphasis added). *See also Lockheed Corp. v. Spink,* 517 U.S. 882, 896–97, 116 S.Ct. 1783, 135 L.Ed.2d 153 (1996) ("Where, as here, the temporal effect of a statute is manifest on its face, there is no need to resort to judicial default rules, and inquiry is at an end.") (Citation and internal quotation marks omitted.)

In *Richard,* this court held that the 1992 amendments instituting the peer review sys-

---

6. In *Landgraf,* the United States Supreme Court, reviewing past cases that upheld the application of various statutes relating to "prospective relief," "procedure," jurisdiction, and attorney's fees, suggested a unifying principle in the "secondary" or "collateral" nature of the statutes. *See id.* at 273–79, 114 S.Ct. 1483. Regarding rules of "procedure," for example, the court observed that, "[b]ecause procedural rules regulate secondary rather than primary conduct, the fact

that a new procedural rule was instituted after the conduct giving rise to the suit does not make application of the rule at trial retroactive." *Id.* at 275, 114 S.Ct. 1483.

7. As this analysis demonstrates, therefore, a statute that impairs existing rights, increases liabilities, or imposes additional duties is, by definition, "retroactive" or "retrospective."

tem did not apply to claims based on accidents occurring before January 1, 1993, the effective date of the amendments. *See supra* note 4. In rejecting the argument that the peer review amendments effected a mere procedural change, we reasoned that "the application of the 1992 no-fault amendments to claimants who continue to suffer from injuries sustained prior to the effective date of the law affects their right to prompt treatment of their injuries." *Id.* at 256, 921 P.2d at 176. We also observed that the legislature expressly provided that the amendments shall not affect existing rights, and thus,

> [n]otwithstanding the [Department of Commerce and Consumer Affair]'s suggestion that a "two-track system of no-fault administration" would be "preposterous," we believe the legislature rationally could have decided that such a system fairly accommodates the vested contractual rights of claimants who continue to suffer from injuries sustained prior to the effective date of the 1992 amendments.

*Id.* at 257, n. 17, 921 P.2d at 177, n. 17.[8]

■ In this case, GEICO and the insurance commissioner do not dispute that, pursuant to *Richard,* GEICO improperly based its denial of benefits on the retroactive application of peer review procedures. GEICO and the insurance commissioner, however, argue that Dr. Hyman lacks standing to contest the denial, citing *Richard* for their contention that *none* of the 1992 amendments should apply to the present case, including the addition of the provider in the standing provision in HRS § 431:10C–212(a). We reject this argument for two reasons: 1) the legislature's mandate that the 1992 amendments "not affect existing rights," by its terms, does not apply to "remedial or procedural" amendments that do not affect existing rights; and 2) the 1992 amendment to HRS § 431:10C–212(a) effected a mere "remedial or procedural" change in the law and thus applies to all pending claims, even those

arising before the effective date of the amendments.

As we recognized in *Richard,* in enacting the 1992 amendments to the no-fault law, the Hawai'i legislature stated that:

> The provisions of this Act *do not affect rights, duties, or actions that are based upon events or acts which have taken place prior to the effective date of this Act,* or the effective date of any provision of this Act, nor to penalties that were incurred or proceedings begun before the effective date of this Act.

*Id.* at 257, 921 P.2d at 177 (citing 1992 Haw. Sess. L. Act 123, § 7 at 209–10 (emphasis added); 1992 Haw. Sess. L. Act 124, § 15 at 128 (emphasis added)). GEICO and the insurance commissioner argue that this language manifests the legislature's intent that the 1992 amendment to HRS § 431:10C–212(a) not apply to claims based on events prior to the effective date of the amendment. We disagree. The legislature's "non-retroactive" mandate, by its terms, does not categorically foreclose the application of the 1992 amendments to previously arising claims, but only limits it to the extent that it "affects rights, duties, and actions" already existing. In this regard, this provision simply restates the default rule of construction that statutes shall not have retroactive effect, i.e., "impair existing rights, create new obligations or impose additional duties with respect to past transactions." *Wong,* 88 Hawai'i at 51, 961 P.2d at 616 (1998).[9] In *Richard,* we thus interpreted the "non-retroactive" provision as precluding the retroactive operation of the peer review amendments in order to "accommodate[ ] the vested contractual rights of claimants who continue to suffer from injuries sustained in [pre–1993 accidents]." *Id.* at 257, n. 17, 921 P.2d at 177, n. 17. In the present case, however, we are still left with the question whether the 1992 amendment to HRS § 431:10C–212(a) "substantively" alters existing rights, or merely affects the means of "enforcing or giving effect" to those rights.

---

**8.** We note that, since our decision in *Richard,* the legislature has repealed the peer review provisions entirely. *See* 1997 Haw. Sess. L. Act 251, § 59.

**9.** By way of contrast, the employee benefits statute considered by the United States Supreme Court in *Spink* specifically provided that the amendments in dispute "shall apply only with respect to plan years beginning on or after January 1, 1988." *See id.* at 896, 116 S.Ct. 1783.

GEICO and the insurance commissioner argue that the 1992 amendment to HRS § 431:10C–212(a) affected existing rights, insofar as it both vested a new "right" in the provider to sue the insurer and imposed an additional "duty" on the insured to defend against the provider. GEICO argues that the circuit court's decision, by invalidating GEICO's denial based on the peer review amendments, but granting Dr. Hyman standing based on the amendment to HRS § 431:10C–212(a), "licenses the application of two no-fault schemes to the same action." As a result, "Dr. Hyman selectively benefits from both sets of laws while simultaneously avoiding the limitations of either."

GEICO, of course, does not mention how its proposed reversal of the circuit court based on a ruling that none of the 1992 amendments apply in this case would effectively shield GEICO's denial of benefits from challenge, even while confirming that the denial was invalidly based on peer review procedure. More fundamentally, GEICO and the insurance commissioner fail to recognize that the relevant "right" underlying the no-fault laws is not the right to challenge denials of no-fault benefits, but the right to receive prompt, appropriate, and reasonable no-fault benefits according to no-fault insurance contract and law. Specifically, the insured has a right to receive treatment of injuries, *see Richard, supra,* and the provider has a right to receive payment for treatment rendered, *see generally Wilson v. AIG Hawaii Insurance Co.,* 89 Hawai'i 45, 968 P.2d 647 (1998) (holding that the insured is not a "real party in interest" in dispute between provider and insurer over payment of medical services). Thus, in *Richard,* we invalidated the application of the peer review requirements to claims based on pre–1993 accidents because it affected the right of the insured "to prompt treatment of their injuries." *See id.* at 256–57, 921 P.2d at 176–77. We further noted that the amendment precluding the provider from seeking payment directly from the insured, *see* 1992 Haw. Sess. L. Act 123, § 1 at 203 (codified at HRS § 431:10C–308.5(e)), effected a similar "substantive change" with respect to the provider's right to payment. *See Richard,* 82 Hawai'i at 255 n. 14, 921 P.2d at 175 n. 14.

In this case, however, the addition of the provider in HRS § 431:10C–212(a) as a party able to contest a denial of no-fault benefits does not impact the timing or scope of either the insured's right to treatment, or the provider's right to payment, as defined under no-fault insurance contract and law, but merely relates to collateral matters of the enforcement and administration of these rights. The right to challenge a denial of no-fault benefits is, in effect, secondary to the right to receive benefits in the first instance. The 1992 amendment to HRS § 431:10C–212 thus more readily falls in the category of "remedial or procedural laws [that] merely prescribe methods of enforcing or giving effect to existing rights," *Clark,* 64 Haw. at 77, 636 P.2d at 1347, and thus apply to pending claims, even those based on events or acts preceding the effective date of the laws. Accordingly, we hold, pursuant to the rule stated in *Clark* and *Landgraf,* that the 1992 amendment to HRS § 431:10C–212(a) applies to claims arising from injuries sustained in accidents occurring before January 1, 1993, and thus Dr. Hyman has standing to contest GEICO's denial in this case.

B. *Attorney's Fees Under HRS § 431:10C–211(a)*

HRS § 431:10C–211(a) provides that "a person making a claim for no-fault benefits may be allowed an award of a reasonable sum for attorney's fees, and reasonable costs of suit[.]" Dr. Hyman argued that the general term "person" refers to anyone properly bringing a claim; the insurance commissioner agreed and awarded Dr. Hyman his fees and costs. "When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself." *Frank v. Hawaii Planing Mill Foundation,* 88 Hawai'i 140, 144, 963 P.2d 349, 353 (1998) (citations omitted). The plain language of HRS § 431:10C–211(a) allows an award of reasonable fees and costs to any person, insured or provider, who contests a denial of no-fault benefits for injuries. Because, as discussed above, Dr. Hyman has standing under HRS § 431:10C–212(a) (1993) to con-

test GEICO's denial of benefits, he is entitled to attorneys fees and costs under HRS § 431:10C–211(a).

## IV. CONCLUSION

Based on the foregoing reasons, we affirm the circuit court's order and judgment affirming the insurance commissioner's final order granting Dr. Hyman's motion for summary judgment and denying GEICO's cross-motion for summary judgment.