**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000308
11-MAY-2023
07:50 AM
Dkt. 81 MO**

NO. CAAP-18-0000308

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ALOHA INSURANCE SERVICES, INC., Plaintiff/Counterclaim Defendant-
Appellee,
v.
CHRIS SMITH, Defendant/Counterclaimant-Appellant; LAURA JENNISON,
Defendant/Counterclaimant/Third-Party Plaintiff-Appellant,
and
ROBYN CHUNG-HOON, Defendant/Counterclaimant/Third-Party
Plaintiff,
and
PETER NOTTAGE, JR., Third-Party Defendant
and
ATLAS INSURANCE AGENCY, INC.; JOHN DOES 1-50; JANE DOES 1-50; AND
JOHN DOE ENTITIES 1-50, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3CC13100470K)


**MEMORANDUM OPINION**
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

**Aloha** Insurance Services, Inc. and Chris **Smith** and
Laura **Jennison** arbitrated a business dispute.[1]  The **Arbitrator**
was appointed by order entered on June 5, 2015.  The Arbitrator

---

[1]  This appeal arises from two lawsuits that were consolidated by the
circuit court.  In JEFS No. 3CC13100421K, Smith and Jennison were the
petitioners and Aloha was the respondent.  In JEFS No. 3CC13100470K, Aloha was
the plaintiff/counterclaim defendant; Smith was the defendant/counterclaimant;
and Jennison was the defendant/counterclaimant/third-party plaintiff.  There
are other parties to JEFS No. 3CC13100470K who are not parties to this appeal.

issued an award on November 10, 2017.  Smith and Jennison moved to confirm the award.  Aloha moved to vacate the award.

On February 15, 2018, the Circuit Court of the Third Circuit entered its Findings of Fact, Conclusions of Law and **Order**.[2]  The Order denied the motion to confirm and granted the motion to vacate without directing a rehearing.  Smith and Jennison appealed.  We have jurisdiction under Hawaii Revised Statutes (**HRS**) § 658A-28(a)(3) and (5) (2016).  For the reasons explained below, we affirm the Order.

Smith and Jennison don't challenge the circuit court's findings of fact.  They raise two points on appeal: (1) "The Circuit Court erred when it ruled that an undisclosed potential conflict of interest of the [A]rbitrator required <u>as a matter of law</u> that the arbitration award be vacated"; and (2) "The Circuit Court erred when, based on the undisputed facts of the case, it concluded that [the Arbitrator] had an undisclosed conflict of interest that warranted vacating the arbitration award."  The Order applied HRS § 658A-12, the statute requiring disclosures by an arbitrator.  "Statutory interpretation is a question of law reviewable de novo."  <u>Noel Madamba Contracting LLC v. Romero</u>, 137 Hawaiʻi 1, 9, 364 P.3d 518, 526 (2015) (citation omitted).

The parties disagree on which version of HRS § 658A-12 applies to this case.  The statute was amended effective July 11, 2017.  2017 Haw. Sess. Laws Act 187, § 3 at 671.  Aloha contends that the former version, in effect when the Arbitrator was appointed, and when the arbitration hearings were conducted, applies.[3]  Smith and Jennison contend that the current version, in effect when the arbitration award was issued, the motions to confirm and to vacate were filed, and the Order was entered, applies.  We conclude that the former version of the statute applies under the undisputed facts of this case.

---

[2]     The Honorable Robert D.S. Kim presided.

[3]     The arbitration hearings were held on May 1-5, 8-12, June 21-23, and 26-29, 2017.

Hawaiʻi adopted the Uniform Arbitration Act (**UAA**) in 2001. 2001 Haw. Sess. Laws Act 265, §§ 1, 5 at 810-20. Act 265 was codified at HRS Chapter 658A. HRS § 658A-12 originally provided:

> **Disclosure by arbitrator.** (a) Before accepting appointment, an individual who is requested to serve as an arbitrator, after making a reasonable inquiry, shall disclose to all parties to the agreement to arbitrate and arbitration proceeding and to any other arbitrators any known facts that a reasonable person would consider likely to affect the impartiality of the arbitrator in the arbitration proceeding, including:
>
> > (1) A financial or personal interest in the outcome of the arbitration proceeding; and
>
> > (2) An existing or past relationship with any of the parties to the agreement to arbitrate or the arbitration proceeding, their counsel or representatives, a witness, or another arbitrator.
>
> (b) An arbitrator has a continuing obligation to disclose to all parties to the agreement to arbitrate and arbitration proceeding and to any other arbitrators any facts that the arbitrator learns after accepting appointment which a reasonable person would consider likely to affect the impartiality of the arbitrator.
>
> (c) If an arbitrator discloses a fact required by subsection (a) or (b) to be disclosed and a party timely objects to the appointment or continued service of the arbitrator based upon the fact disclosed, the objection may be a ground under section 658A-23(a)(2) for vacating an award made by the arbitrator.
>
> (d) If the arbitrator did not disclose a fact as required by subsection (a) or (b), upon timely objection by a party, the court under section 658A-23(a)(2) may vacate an award.
>
> (e) An arbitrator appointed as a neutral arbitrator who does not disclose a known, direct, and material interest in the outcome of the arbitration proceeding or a known, existing, and substantial relationship with a party is presumed to act with evident partiality under section 658A-23(a)(2).
>
> (f) If the parties to an arbitration proceeding agree to the procedures of an arbitration organization or any other procedures for challenges to arbitrators before an award is made, substantial compliance with those procedures is a condition precedent to a motion to vacate an award on that ground under section 658A-23(a)(2).

HRS § 658A-12 (2016).

In Nordic PCL Constr., Inc. v. LPIHGC, LLC, 136 Hawaiʻi 29, 358 P.3d 1 (2015), the supreme court stated:

> At first glance, it may seem that after a determination that an arbitrator failed to disclose a fact a reasonable person would consider likely to affect his impartiality, there must also be a separate finding that the arbitrator acted with "evident partiality" or bias before an award can be vacated. As explained below, however, a failure to meet disclosure requirements under HRS § 658A-12(a) or (b) is equivalent to, or constitutes, "evident partiality" *as a matter of law*.

Id. at 50, 358 P.3d at 22 (emphasis added). However, later in its opinion the supreme court stated that if the party seeking to vacate the award sustained its "burden of proving evident partiality, i.e., the failure to disclose facts that a reasonable person would consider likely to have affected the Arbitrator's impartiality[,]" id. at 52, 358 P.3d at 24, "the circuit court . . . *has discretion* under HRS § 658A-12(d) to decide whether or not to grant the motion to vacate[,]" id. at 53, 358 P.3d at 25 (emphasis added).

Then, in Madamba, the supreme court stated: "if a neutral arbitrator demonstrates evident partiality, the arbitration award <u>shall</u> be vacated" as a matter of law. 137 Hawaiʻi at 16, 364 P.3d at 533. The supreme court explained the seeming paradox in a third case, Narayan v. Ass'n of Apt. Owners of Kapalua Bay Condo., 140 Hawaiʻi 75, 398 P.3d 664 (2017):

> In Madamba, we held that a finding of evident partiality based on a violation of HRS § 658A-12(a) or (b) by a neutral arbitrator *requires* the court to vacate the arbitration award pursuant to HRS § 658A-23(a)(2)(A). 137 Hawaiʻi at 16, 364 P.3d at 533. We recognized the permissive language of HRS § 658A-12(d) but found the following:
>
>> The function of the 'may' language . . . is to provide reference to the different circumstances that require vacatur under HRS § 658A-23(a)(2), i.e., a neutral arbitrator's evident partiality, and any arbitrator's corruption or misconduct. For example, if a non-neutral arbitrator fails to make a disclosure required under HRS § 658A-12(a) or (b), although the award would not be vacated based on evident partiality — as *evident partiality only applies to neutral arbitrators* — it could be vacated based on the corruption and misconduct provisions in HRS § 658A-23(a)(2).

> Id. (citation and footnote omitted). We also noted that the Commentary "takes into account the fact that jurisdictions have developed different views regarding what constitutes evident partiality," so the standard for evident partiality due to nondisclosure will differ among jurisdictions that have adopted the UAA. 137 Hawaiʻi at 16 n.20, 364 P.3d at 533 n.20. ***"[O]ur standard for evident partiality based on a failure to disclose is equivalent to the standard laid out in HRS § 658A-12's disclosure provisions***. Accordingly, in this context, once evident partiality [as to a neutral arbitrator] is established, the arbitration award ***must*** be vacated." Id.
>
> Based on the standards outlined in Nordic and clarified in Madamba, an arbitrator's compliance with the disclosure requirements set forth in [HRS] §§ 658A-12(a) and (b) is paramount to the validity of an arbitration award.

Id. at 86, 398 P.3d at 675 (emphasis added).

In 2017, in response to Nordic and Madamba, the legislature introduced a bill to amend HRS § 658A-12. The Senate Committee on Judiciary and Labor reported:

> Your Committee finds that two recent decisions by the Supreme Court of Hawaii in Nordic PCL Construction, Inc. v. LPIHGC, LLC, 136 Hawaii 29 (2015) and Noel Madamba Contracting LLC v. Romero, 137 Hawaii 1 (2015) have resulted in implications to the arbitration process and have possible unintended consequences. Specifically, these two decisions affected the law relating to the disclosure requirements of an arbitrator that authorizes the trial court to vacate an arbitration award if the arbitrator failed to disclose a known fact that a reasonable person would consider likely to affect the impartiality of the arbitrator. In these two cases, the court held that an arbitrator's nondisclosure of information that may affect the arbitrator's impartiality constituted evident partiality ***as a matter of law*** and that the court was ***required*** to vacate the arbitrator's decision. This measure authorizes the trial court to determine the facts then impose ***relief that is appropriate*** and provides specific standards to enable the trial court to determine whether the arbitrator failed to disclose an interest or relationship that a reasonable person would consider likely to affect the impartiality of the arbitrator and ***whether to vacate*** an award made by an arbitrator who failed to disclose that information.

S. Stand. Comm. Rep. No. 551, in 2017 Senate Journal, at 1046, available at https://www.capitol.hawaii.gov/sessions/session2017/Comm Reports/SB314_SD1_SSCR551_.pdf (emphasis added). The bill, in its final form (**Act 187**), made these changes to HRS § 658A-12 (new material looks like this; [deletions look like this]):

**Disclosure by arbitrator.** (a) Before accepting appointment, an individual who is requested to serve as an arbitrator, after making a reasonable inquiry, shall disclose to all parties to the agreement to arbitrate and arbitration proceeding and to any other arbitrators any known facts that a reasonable person would consider likely to affect the impartiality of the arbitrator in the arbitration proceeding, including:

(1) A <u>direct and material</u> financial or personal interest in the outcome of the arbitration proceeding; and

(2) An existing or past <u>substantial</u> relationship with any of the parties to the agreement to arbitrate or the arbitration proceeding, their counsel or representatives, a witness, or another arbitrator.

(b) An arbitrator has a continuing obligation to disclose to all parties to the agreement to arbitrate and arbitration proceeding and to any other arbitrators any facts that the arbitrator learns after accepting appointment [which] <u>that</u> a reasonable person would consider likely to affect the impartiality of the arbitrator.

(c) If an arbitrator discloses a fact required by subsection (a) or (b) to be disclosed and a party timely objects to the appointment or continued service of the arbitrator based upon the fact disclosed, the objection may be a ground under section 658A-23(a)(2) for vacating an award made by the arbitrator.

[~~(d) If the arbitrator did not disclose a fact as required by subsection (a) or (b), upon timely objection by a party, the court under section 658A-23(a)(2) may vacate an award.~~

~~(e) An arbitrator appointed as a neutral arbitrator who does not disclose a known, direct, and material interest in the outcome of the arbitration proceeding or a known, existing, and substantial relationship with a party is presumed to act with evident partiality under section 658A-23(a)(2).~~]

(d) <u>If the court, upon timely objection by a party, determines that the arbitrator did not disclose a fact required by subsection (a) or (b) to be disclosed, the court may determine that such failure to disclose constituted evident partiality and vacate an award made by the arbitrator pursuant to section 658A-23(a)(2).</u>

[~~(f)~~] <u>(e)</u> If the parties to an arbitration proceeding agree to the procedures of an arbitration organization or any other procedures for challenges to arbitrators before an award is made, substantial compliance with those procedures is a condition precedent to a motion to vacate an award on that ground under section 658A-23(a)(2).

2017 Haw. Sess. Laws Act 187, § 1 at 670-71. Act 187 took effect on July 11, 2017, when it was approved by Governor Ige. Id. § 3 at 671.

HRS § 1-3 (2009) provides: "No law has any retrospective operation, unless otherwise expressed or obviously intended." HRS § 658A-12 (Supp. 2017) contains no provision for retrospective operation. Nor does the legislative history of Act 187 show any intent for the statutory amendments to apply retrospectively. Accordingly, we consider whether retroactive[4] application of the 2017 amendment to HRS § 658A-12 in this case would impair existing rights, create new obligations, or impose additional duties with respect to past transactions — or would merely alter the means of enforcing or giving effect to preexisting rights. Gov't Emps. Ins. Co. v. Hyman, 90 Hawaiʻi 1, 5, 975 P.2d 211, 215 (1999).

Before Act 187 took effect, a potential arbitrator was required to disclose *all* financial or personal interests they had in the outcome of the arbitration proceeding, and *all* existing or past relationships they had with a party to the arbitration proceeding or its counsel or representatives, a witness, or another arbitrator. The disclosure obligation continued after selection of the arbitrator, to protect the right of the parties to a fair and impartial arbitration. This is important because an arbitrator's findings of fact and conclusions of law are not subject to judicial review even if clearly erroneous or wrong. Nordic, 136 Hawaiʻi at 42, 358 P.3d at 14.

Since Act 187 took effect, a potential arbitrator is required to disclose only "direct and material" interests in the outcome of the arbitration proceeding, and only "substantial"

---

[4] We use the terms "retroactive" and "retrospective" interchangeably; "[t]here is no difference in principle between a retrospective law and a retroactive law, either of which is one which takes away or impairs vested rights acquired under a different law or creates a new obligation, imposes a new duty or attaches a new disability in respect to transactions or consideration already past." Roe v. Doe, 59 Haw. 259, 263-64, 581 P.2d 310, 314 (1978) (citing Oleson v. Borthwick, 33 Haw. 766, 774 (Haw. Terr. 1936)).

relationships with a party or its counsel or representatives, a witness, or another arbitrator. Thus did Act 187 limit an arbitrator's obligation to disclose — and thus the parties' right to receive — information about potential conflicts of interest, before and after an arbitrator is selected.

Before Act 187 took effect, an arbitration award had to be vacated as a matter of law if a party showed that an arbitrator violated the disclosure provisions of HRS § 658A-12(a) or (b), which the supreme court held was the "standard for evident partiality based on a failure to disclose[.]" Narayan, 140 Hawaiʻi at 86, 398 P.3d at 675 (quoting Madamba, 137 Hawaiʻi at 16 n.20, 364 P.3d at 533 n.20). In effect, the party that prevailed in the arbitration could be held strictly liable for the arbitrator's failure — however inadvertent — to disclose any relationship required to be disclosed under HRS § 658A-12(a) or (b), and lose the benefit and finality of the award.

Since Act 187 took effect, an arbitrator's failure to disclose the (now more limited) information required by HRS § 658A-12(a) or (b) is no longer grounds for vacating the award as a matter of law. Rather, the party challenging the award is required to prove that an arbitrator failed to disclose a "direct and material" interest in the outcome of the arbitration, or a "substantial" relationship with a party or its counsel or representatives, a witness, or another arbitrator. HRS § 658A-12(a) (Supp. 2017). The party prevailing under the award can argue that the undisclosed information does not show a direct or material interest in the outcome of the arbitration, or does not establish a substantial relationship with a party or its counsel or representatives, a witness, or another arbitrator. The circuit court then has discretion to determine whether the arbitrator's failure to disclose constituted evident partiality, warranting vacation of the award. HRS § 658A-12(d) (Supp. 2017). The differences are not merely procedural. Act 187 eliminated the strict liability standard and created new substantive burdens

for parties challenging or defending an arbitration award under HRS § 658A-23(a)(2).

We decline to apply Act 187 retroactively in this case. Hyman, 90 Hawaiʻi at 5, 975 P.2d at 215; Clark v. Cassidy, 64 Haw. 74, 77-78, 636 P.2d 1344, 1346-47 (1981). The Arbitrator's HRS § 658A-12 disclosure obligations attached when the Arbitrator was being considered by the parties for appointment, and continued through the hearing process, all of which took place before Act 187 took effect. The circuit court found — and Smith and Jennison do not contest — that the Arbitrator failed to timely disclose information required by HRS § 658A-12(a) and (b) (2016). The court concluded that this established evident partiality as a matter of law, granted Aloha's motion to vacate the award, and denied Smith and Jennison's motion to confirm the award. The court's conclusion was supported by its findings and reflected an application of the correct rule of law. It will not be overturned. Est. of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007).

Based upon the foregoing, the "Findings of Fact, Conclusions of Law and Order" entered by the circuit court on February 15, 2018, is affirmed.

DATED: Honolulu, Hawaiʻi, May 11, 2023.

On the briefs:

Stephen D. Whittaker,
Scott F. March,
for Defendant/Counterclaimant-
Appellant Chris Smith
and Defendant/
Counterclaimant/Third-
Party Plaintiff-Appellant
Laura Jennison.

Michele-Lynne E. Luke,
Saori Takahashi,
for Plaintiff/Counterclaim
Defendant-Appellee
Aloha Insurance Services, Inc.

Gregory K. Markham,
Brandon Y. Moriki,

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

Jason S. Kasamoto,
for Counterclaim Defendant-
Appellee Aloha Insurance
Services, Inc.

Melvyn M. Miyagi,
Thomas H. Yee,
for Counterclaim Defendant-
Appellee Aloha Insurance
Services, Inc.

David B. Kaapu,
for Plaintiff-Appellee
Aloha Insurance Services, Inc.